**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| LINDSAY PEBODY, | : | Civil Action No. |
|  | : |  |
| Plaintiff, | : | Hon. |
|  | : |  |
| v. | : | **NOTICE OF REMOVAL** |
|  | : | (Document Filed Electronically) |
| BMW OF NORTH AMERICA, LLC, | : |  |
| JOHN DOES 1-10 and XYZ CORP. 1-10, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

-------------------------------------------------------------

TO:   CHIEF JUDGE AND JUDGES OF THE
       UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

       Clerk of the Court
       New Jersey Superior Court, Bergen County
       10 Main Street
       Hackensack, New Jersey 07601

       Jennifer M. Perez
       Clerk of the Superior Court of New Jersey
       Hughes Justice Complex
       25 West Market Street
       Trenton, New Jersey 08625

       Ty Hyderally, Esq.
       Omar Lopez, Esq.
       Hyderally & Associates, P.C.

FP01/ 6574753.1

33 Plymouth Street, Suite 202
Montclair, NJ 07042
Attorneys for Lindsay Pebody

PLEASE TAKE NOTICE that Defendant BMW of North America, LLC (hereinafter "Defendant" or "BMW NA"), hereby removes this civil action from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-327-11 (the "State Court Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. § 1331.

In support of this Notice of Removal, Defendant states:

1.      Upon information and belief, this action was commenced on or about January 10, 2011, in the Superior Court of New Jersey Law Division, Bergen County.  Attached hereto as Exhibit A is a copy of Plaintiff's Track Assignment Notice, Complaint and Civil Case Information Statement filed in the State Court Action.  Plaintiff's Complaint does not set forth any causes of action raising or implicating federal questions of law.

2.      On February 23, 2011, Defendant filed its Answer with Affirmative Defenses and Civil Case Information Sheet, true and accurate copies of which are attached hereto as Exhibit B.

3.      Additionally, on February 23, 2011, Defendant filed a Motion to Dismiss Counts IV-VI of Plaintiff's Complaint, true and accurate copies of this motion and supporting papers, excluding exhibits, are attached hereto as Exhibit C.

4.      On March 10, 2011 Plaintiff filed opposition to Defendant's motion, a true and accurate copy of which, excluding attachments, is attached hereto as Exhibit D.

5.      On March 14, 2011, Defendant filed its reply papers in further support of its motion to dismiss, a true and accurate copy of which, excluding attachments, is attached hereto as Exhibit E.

6.     On March 22, 2011, the Honorable Mark M. Russello, J.S.C., granted Defendant's motion to dismiss Counts IV-VI of Plaintiff's Complaint, a true and accurate copy of which is attached hereto as Exhibit F.

7.     On June 13, 2011, Plaintiff filed a Motion for Leave to File a First Amended Complaint, a copy of which is attached hereto as Exhibit G.  Attached to Plaintiff's Motion was "Exhibit 1" which constituted a proposed First Amended Complaint and Jury Demand.  Count III of the proposed First Amended Complaint seeks relief under the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

8.     On August 5, 2011 the Honorable Mark M. Russello, J.S.C., granted Plaintiff's Motion for Leave to File a First Amended Complaint, a copy of which is attached hereto as Exhibit H.

9.     This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days after receipt by Defendant of an order permitting Plaintiff to assert a claim arising under the Equal Pay Act, 29 U.S.C. § 206(d).

10.     This action may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because the allegations of the Complaint state a basis for original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206(d) and because this action was commenced within the judicial district of the United States District Court for the District of New Jersey, 28 U.S.C. § 110.

11.     Venue of this removal is proper under 28 U.S.C. § 1391(b)(1) because Defendant is incorporated in Bergen County.

12.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served on Defendant as of the date of this Notice are attached hereto as Exhibits A-H.

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a copy of this Notice of Removal on all parties and will promptly provide notice of the filing of this Notice of Removal to the Superior Court of New Jersey, Bergen County.

14.     No admission of fact, law or liability is intended by the filing of this Notice, and all defenses, motions, and pleas are expressly preserved.

WHEREFORE, Defendant prays this Court will remove this action from the Superior Court of New Jersey, Law Division, Bergen County, and request that further proceedings be conducted in this Court as provided by law.


DRINKER, BIDDLE & REATH LLP


By:     s/      Helen E. Tuttle
        Helen E. Tuttle
        Attorneys for Defendant
        BMW of North America, LLC


Dated: August 31, 2011

# EXHIBIT A

**Hyderally & Associates, P.C.**
33 Plymouth Street, Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| **PLAINTIFF,** | DOCKET NO.: L 327 11 |
| **VS.** | CIVIL ACTION |
| **BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,** | **SUMMONS** |
| **DEFENDANTS.** | |

THE STATE OF NEW JERSEY, TO THE DEFENDANT NAMED ABOVE:

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it its filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights, you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 1/18/2011

*Jennifer M. Perez*

Clerk of the Superior Court

**Name of Defendant to be served:**

**Helen Tuttle, Esq. c/o**

**BMW OF NORTH AMERICA, LLC.**

**Address of the Defendant to be served:**

**Drinker Biddle & Reath, LLP**
**500 Campus Drive**
**Florham Park, NJ  07932**

**Phone Number:**

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS
```

```
                    DATE:   JANUARY 10, 2011
                    RE:     PEBODY VS BMX OF NORTH AMERICA LLC
                    DOCKET: BER L -000327 11
```

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK M. RUSSELLO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

```
                        ATT: TY HYDERALLY
                        HYDERALLY & ASSOCIATES
                        33 PLYMOUTH STREET
                        SUITE 202
                        MONTCLAIR      NJ 07042-2607
```

JUBGIN0

Hyderally & Associates, P.C.
33 Plymouth Street, Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

SUPERIOR COURT BERGEN COUNTY
**FILED**

JAN 10 2011

DEPUTY CLERK

---

**LINDSAY PEBODY,**

**PLAINTIFF,**

**VS.**

**BMW OF NORTH AMERICA, LLC,
JOHN DOES 1-10, AND XYZ CORP. 1-10,**

**DEFENDANTS.**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO.: L-327-11

CIVIL ACTION

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, Lindsay Pebody ("Pebody" or "Plaintiff"), who resides at 699 Kinderkamack Road, Oradell, NJ 07649, Bergen County, by way of this Complaint against the Defendants, BMW of North America, LLC, John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively "BMW" or the "Defendants") hereby says:

### I. Nature of Action, Jurisdiction, and Venue

1.   This is an action seeking equitable and legal relief for: (1) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (Gender Discrimination/Harassment); (2) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (Retaliation); (3) intentional infliction of emotional distress; (4) breach of express contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) breach of implied contract.

2.   This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3.   Venue is appropriate in this court since Plaintiff lives in Bergen County, New Jersey, Plaintiff performed services for Defendant in Bergen County, New Jersey during the relevant time period, some of the discriminatory acts complained of herein occurred in Bergen

1

County, New Jersey, and Defendant does business and has offices in Bergen County, New Jersey.

## II. Parties

4.  Pebody was the Head of Marketing Strategy & Planning and Head of E-Marketing & CRM at the grade of "Section Manager" for BMW and worked for the home office at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07677-7731.

5.  Thus, Pebody was an employee of the defendant corporation who performed job related duties in the State of New Jersey as well as in other countries.

6.  During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiffs' workplace, and supervised plaintiffs and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual employees by name.

7.  During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual entities by name.

8.  Thus, all defendants are subject to suit under the statutes alleged above.

9.  At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

## III. Factual Allegations

10. Pebody began working for BMW in December 1997 as a Section Manager.

11. On December 16, 2009, Pebody sent an email to Joel Nash ("Nash"), Manager, Human Resources, and Elisabeth Opitz ("Opitz"), International Human Resources Manager, detailing issues with her salary that she had just become aware of.

12. Pebody and Nash then engaged in an email exchange whereby Pebody put Defendants on clear notice of her serious concerns pertaining to equities and her compensation. (Exhibit "1").

13. BMW's response was so unsatisfactory that Pebody engaged in her own investigation to determine the salaries of her comparators.

14. In January 2010, Pebody uncovered that Defendants engaged in a pattern and practice of gender discrimination.

15. Thus, in January 2010, Pebody became aware of gender discrimination at the workplace as well as gender related pay inequities.

16. Pebody retained counsel and made formal complaints pertaining to the gender discrimination and other illegal acts occurring at the work place.

17. Subsequently, Pebody was subjected to various acts of retaliation.

18. Examples of a detailed factual predicate for Pebody's claims are set forth in correspondence from Pebody's lawyers that were sent to BMW and/or its counsel.

19. These letters of March 3, 2010, May 13, 2010, and December 19, 2010 are attached hereto and incorporated thereby as part of this Complaint. (Composite Exhibit "2").

20. The details set forth in these letters more than adequately set forth a factual predicate for the causes of action pled below.

21. Defendants' acts resulted in her constructive discharge from BMW with an effective date of January 2011.

22. As of the date of this constructive discharge, Pebody received $117,780 in compensation, a fully insured company vehicle, discounted lease rate on second fully insured vehicle, a commuting allowance, annual bonus, medical insurance, dental insurance, vision insurance, life insurance, disability benefits, 401k benefits, pension benefits, etc. Further, plaintiff received benefits such as twenty (20) paid vacation days per year, five (5) paid floating holidays per year, ten (10) paid sick days per year, etc.

23. These benefits of employment make up plaintiff's claim for damages.

## Count I
### (New Jersey Law Against Discrimination)
### (Gender Discrimination)

24.  Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

25.  The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.,* by discriminating against Plaintiff due to Plaintiff's gender, female.

26.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

27.  Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count II
### (New Jersey Law Against Discrimination)
### (Retaliation)

28.  Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

29.  The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.,* by retaliating against plaintiff for engaging in a protected activity, and/or making complaints of discrimination, harassment, and gender related pay inequities.

30.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

31.  Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count III
### (Intentional Infliction of Emotional Distress)

32.  Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

33.  The actions of the Defendants were undertaken in conscious disregard of moral, legal, and civil obligations and in wanton, reckless, and outrageous disregard for the rights, feelings, and sentiments of Plaintiff. Such conduct has been extreme and outrageous.

34.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

35.  Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count IV
### (Breach of Express Contract)

36.  Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

37.  Defendants had contractual obligations to plaintiff that were set forth in their written representations, company documents, personnel documents, handbook, company documents pertaining to promotion issues, pay issues, other employment documents, and/or discrimination, harassment, and retaliation policies.

38.  Defendants' actions breached the contractual obligations set forth in these documents.

39.  Defendants' actions give rise to the claim of breach of express contract.

40.  As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged.

### Count V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

41.  Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

42.  Defendants had contractual obligations to plaintiff as reflected above.

43. Defendants have breached these obligations.

44. Defendants' actions give rise to the claim of breach of the implied covenant of good faith and fair dealing.

45. As a direct and proximate result of the actions of Defendant, Plaintiff has been damaged.

## Count VI
### (Breach of Implied Contract)

46. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

47. Defendants made numerous oral representations.

48. Defendants breached these oral representations.

49. Defendants' actions give rise to the claim of breach of implied contract.

50. As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A. Compensatory damages of not less than $5,000,000;

B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C. Damages for humiliation, mental and emotional distress;

D. Statutory damages, if applicable;

E. Punitive damages and or liquidated damages where permitted by law;

F. Attorneys' fees and costs of suit;

G. Lawful interest - including pre-judgment interest on lost wages;

H. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

6

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of Plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:        January 4, 2011

                    LAW OFFICES OF TY HYDERALLY, PC
                    *Attorneys for Plaintiff*

By:         _____
                    **TY HYDERALLY, Esq.**
                    **For the Firm**

T:\1 Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\122310.COM.doc

7

**Lindsay Pebody**

From:       Pebody Lindsay, V5-CN-B-1
Sent:       Wednesday, January 06, 2010 8:34 AM
To:         Nash Joel, V2-US-F-5
Subject:   RE: Update

Dear Joel,

I've been thinking about your email and know that I owe you a reply; however, the difference in our understanding of the expat program in general, and my situation in particular, is so great that a simple answer in an email is difficult.

Quite frankly, I really take exception to your labeling of me as being "exhibit A" and other innuendo, which is insulting to me and my colleagues who work under trying circumstances in China for the benefit and future stability of BMW Group. I was sought out for this (and my previous assignment), and, my situation is by no means unique. On the contrary, my colleagues from Germany, New Zealand and other countries seem to have no difficulty in having their career progress endorsed and welcomed by their home offices. Your comments lead me to think that you view this program as a personal reward, as opposed to supporting the essential objectives of the BMW Group internationally.

I have extracted a paragraph from the "Guidelines for international assignments within the BMW Group", which, for me, succinctly sums up the aim of the program, i.e. "The most important and common reason for international assignments is the transfer of know-how, i.e. passing on and gaining process and specialized knowledge. Furthermore, an international assignment can be a step within personnel development planning to develop the associates' potential." The document also makes it clear that "The requirements of the job as well as performance and professional success are – as in the home country – benchmark for the reward by the company" (i.e. BMW Group).

China is not an easy assignment, but it is very satisfying to see that this is the only market making a viable and significant contribution to BMW Group. Mature, experienced people are needed to transfer knowledge and kick-start the operation here, but it would not be fair if the only result of my experience is the promotion of my local counterparts.

I am planning a home visit during the second week of February, at which time we can schedule some time for further discussion on this topic.

Belated New Year wishes and regards – Lindsay.


**From:** Nash Joel, V2-US-F-5
**Sent:** Thursday, December 17, 2009 5:46 AM
**To:** Pebody Lindsay, V5-CN-B-1; Opitz Elisabeth, V2-US-F-55
**Subject:** RE: Update


Lindsay,

As we candidly discussed on our call, the intent of the expat program is not to create "career expats" and your situation is exhibit A. Being out of the market for 7+ years comes with risk of falling completely off the radar screen in home market and you are starting to experience that situation right now.

Additionally the comp rules in expat program are not structured to accommodate long term expats. There are many other monetary benefits that attach to your current expat status that you have not called out such as most materially, reimbursement of your rent in China, foreign service allowance and 10K position allowance.

12/6/2010

You need to be nominated for PG 10 promotion in China and we would fully support that based on your performance below. If you are promoted to a PG 10 in China, it would carry into US when you come back as a section manager and would attach a higher bonus (+5%) and better base car.

I will have Eli get you the salary and performance review information ASAP.

There is a SM position opening in Dealer Development in 1 month and I will forward you the details shortly to see if it can be a fit for you.

Hope that clarifies. Thanks for reaching out and I will do my best to find a job fit for you back in US.

**From:** Pebody Lindsay, V5-CN-B-1
**Sent:** Wednesday, December 16, 2009 9:53 AM
**To:** Nash Joel, V2-US-F-5; Opitz Elisabeth, V2-US-F-55
**Subject:** Update

Dear Joel and Elisabeth,

My thanks for your time during the conference call of a couple of weeks ago in follow up to my email of November 13th. The information that you delivered during this discussion was entirely new and quite shocking to me, in particular the following:

1. There is a wide salary band for section manager and, after 12 years as a section manager, I am not near the top of the band.
2. The monetary remuneration in 2009 for a "seasoned" section manager (not at the upper limit) is around USD 125,000.
3. BMW US has not- and will not take into consideration my experience and growth (at both a personal and business level) that has been gained while being on international assignment.
4. BMW US does not have a market valuation for my current job.
5. I will have to return to BMW US for a year or so before possibly being considered as "seasoned section manager".

I find the last point particularly alarming considering my experience and performance in the 9 years spent as section manager in US and UK and the past 3 years in China, where I have been functioning and overachieving as head of my departments (CRM & eMarketing for first 2 years, plus taking over the Marketing Strategy area in the past year). In this time, I trust that I have demonstrated that I can manage people in areas in which I am an expert; and also in areas where I am directing others who provide the detailed know-how, while providing them with the maturity and support to enable them to delivery effectively.

Therefore, at this stage I feel that I have earned the opportunity for promotion, not necessarily in exactly the same fields where I am the leading knowledge holder. With respect to this point, I would also like to bring your attention to the Promotion Proposal from BMW China side. I believe that Cherry Chen from our H/R department has been contact with you in this respect; however, I would be very keen to discuss this topic with you in case you have any queries.

Please find attached a copy of my resume and supporting organization charts; the main focus of which is on my experience and current responsibilities within BMW Group. I will greatly appreciate your assistance in notifying me of suitable openings with BMW US; I will also make contact with colleagues within BMW Financial Services and Rolls Royce in order to find out if there are upcoming opportunities within their areas.

12/6/2010

Lastly, please would you provide the information regarding salary and portfolio review performance for 1997 thro' 2001, as previously requested.

Kind regards -- Lindsay.

Lindsay Pebody
Senior Manager, Marketing Strategy & Planning
Marketing
BMW Group China

Phone:          +86 (0)10-8455-8250
Fax:            +86 (0)10-8455-8027
Mobile:         +86 136 0107 8035
Email:          Lindsay.Pebody@bmw.com

Gateway Plaza
28th Fl, Tower B
No. 18 Xia Guang Li
Chaoyang District
Beijing / PR China

12/6/2010

**Appendix XII-B1**



## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
| --- | --- |
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| TY HYDERALLY, ESQ. | (973) 509-8500 | Bergen |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
| --- | --- |
| HYDERALLY & ASSOCIATES, P.C. | L-327-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 33 PLYMOUTH STREET SUITE 202 MONTCLAIR, NJ 07042 | COMPLAINT AND JURY DEMAND |
| | JURY DEMAND ☑ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| LINDSAY PEBODY, PLAINTIFF | LINDSAY PEBODY, PLAINTIFF V. BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10, DEFENDANTS. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO |
| --- | --- |
| 618 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ☑ No | IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☑ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☑ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☑ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☑ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
| --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☑ YES ☐ No |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ☑ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- | --- |
| | WILL AN INTERPRETER BE NEEDED? ☐ Yes ☑ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280 ZELNORM | 290 POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285 STRYKER TRIDENT HIP IMPLANTS | 291 PELVIC MESH (Johnson & Johnson) |
| 288 PRUDENTIAL TORT LITIGATION | 292 PELVIC MESH (Bard) |

**Mass Tort (Track IV)**

| | |
|---|---|
| 248 CIBA GEIGY | 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 HORMONE REPLACEMENT THERAPY (HRT) | 282 FOSAMAX |
| 271 ACCUTANE | 283 DIGITEK |
| 274 RISPERDAL/SEROQUEL/ZYPREXA | 284 NUVARING |
| 275 ORTHO EVRA | 286 LEVAQUIN |
| 277 MAHWAH TOXIC DUMP SITE | 287 YAZ/YASMIN/OCELLA |
| 278 ZOMETA/AREDIA | 601 ASBESTOS |
| 279 GADOLINIUM | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ **Putative Class Action**   ☐ **Title 59**

# EXHIBIT B

# DrinkerBiddle&Reath
### LLP

Meredith R. Murphy
973-549-7124 Direct
973-360-9831 Fax
meredith.murphy@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

February 23, 2011

**VIA OVERNIGHT MAIL**

Bergen County Superior Court
10 Main Street
Hackensack, New Jersey 07601

     **Re:**   **Pebody v. BMW of North America, LLC, et al.**
            **Docket No.: BER-L-327-11**

Dear Sir/Madam:

     This firm represents Defendant BMW of North America, LLC in the above-captioned matter. Enclosed for filing please find:

1. Defendant's Answer with Affirmative Defenses;
2. Civil Case Information Sheet; and
3. Certification of Service and Filing.

     Please file the original and return a copy stamped filed to this office in the envelope provided. Please charge any applicable fees to this firm's account No. 93800.

     Thank you for your time and attention to this matter.

                         Respectfully submitted,

                         Meredith R. Murphy

MRM
Enclosures

cc:   Omar Lopez, Esq. (w/enclosures via Federal Express)
      Helen E. Tuttle, Esq.

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

*Established 1849*

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Helen E. Tuttle | TELEPHONE NUMBER<br>(973) 549-7263 | COUNTY OF VENUE<br>Bergen |
|---|---|---|
| FIRM NAME (if applicable)<br>Drinker Biddle & Reath LLP | | DOCKET NUMBER (when available)<br>BER L-000327-11 |
| OFFICE ADDRESS<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047 | | DOCUMENT TYPE<br>Answer |
| | | JURY DEMAND   ☐ YES   ■ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>BMW of North America, LLC,<br>Defendant | CAPTION<br>Lindsay Pebody v. BMW of North America, LLC, John Does 1-10, and XYZ Corp. 1-10 |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>618 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES   ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES   ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>■ NONE<br>☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | | |
|---|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES   ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS | |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ■ YES   ☐ No | | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES   ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES   ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

### Track III - 450 days' discovery
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
280   ZELNORM
285   STRYKER TRIDENT HIP IMPLANTS
288   PRUDENTIAL TORT LITIGATION

290   POMPTON LAKES ENVIRONMENTAL LITIGATION
291   PELVIC MESH/GYNECARE
292   PELVIC MESH/BARD

### Mass Tort (Track IV)
248   CIBA GEIGY
266   HORMONE REPLACEMENT THERAPY (HRT)
271   ACCUTANE
274   RISPERDAL/SEROQUEL/ZYPREXA
275   ORTHO EVRA
277   MAHWAH TOXIC DUMP SITE
278   ZOMETA/AREDIA
279   GADOLINIUM

281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282   FOSAMAX
283   DIGITEK
284   NUVARING
286   LEVAQUIN
287   YAZ/YASMIN/OCELLA
601   ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**    ☐ Putative Class Action       ☐ Title 59

---

**DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

| | |
|---|---|
| LINDSAY PEBODY, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION: BERGEN COUNTY |
| | DOCKET NO.: L-327-11 |
| -vs- | |
| | CIVIL ACTION |
| BMW OF NORTH AMERICA, LLC, JOHN | |
| DOES 1-10, AND XYZ CORP. 1-10, | **DEFENDANT BMW OF NORTH** |
| | **AMERICA, LLC'S ANSWER AND** |
| Defendants. | **AFFIRMATIVE DEFENSES** |

Defendant BMW of North America, LLC ("BMW NA") by and through its attorneys, Drinker Biddle & Reath LLP, hereby answer the Complaint filed by Plaintiff Lindsay Pebody ("Plaintiff") as follows:

## AS TO THE "NATURE OF ACTION, JURISDICTION, AND VENUE"

1.    Paragraph 1 contains no factual allegations, and, as such, no response is required.

2.    The first sentence of Paragraph 2 contains no factual allegations and, as such, no response is required. BMW NA denies the remainder of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    BMW NA admits only that venue is appropriate since Plaintiff lives in Bergen County, New Jersey. BMW NA denies the remainder of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

FP01/ 6467134.1

## AS TO THE "PARTIES"

4.     BMW NA denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     BMW NA denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     BMW NA is without information or knowledge regarding the allegations contained in Paragraph 6 of Plaintiff's Complaint and denies same.

7.     BMW NA is without information or knowledge regarding the allegations contained in Paragraph 7 of Plaintiff's Complaint and denies same.

8.     BMW NA avers that this allegation sets forth a legal conclusions to which it has no obligation to respond.

9.     BMW NA is without information or knowledge regarding the allegations contained in Paragraph 9 of Plaintiff's Complaint and denies same.

## AS TO THE "FACTUAL ALLEGATIONS"

10.     BMW NA admits only that Plaintiff began working for BMW NA in December 1997 as Retail Process Manager and denies the remainder of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     BMW NA states that the December 16, 2009 e-mail sent by Plaintiff, attached to Plaintiff's Complaint, speaks for itself.

12.     BMW NA states that the e-mail exchange between Plaintiff and Joel Nash, attached to Plaintiff's Complaint, speaks for itself.

13.     BMW NA is without information or knowledge regarding the allegations

contained in Paragraph 13 of Plaintiff's Complaint and denies same.

14.    BMW NA denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    BMW NA denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    BMW NA admits only that Plaintiff made complaints pertaining to gender discrimination but lacks knowledge as to the allegation that Plaintiff complained of other "illegal acts" and therefore, denies same. By way of further response, BMW NA avers that any such claim of gender discrimination was unfounded and not supported by the factual circumstances.

17.    BMW NA denies the allegations contained in Paragraph 17 of Plaintiff's Complaint

18.    BMW NA asserts that the correspondence, attached to Plaintiff's Complaint, speaks for itself but denies that these documents set forth a factual predicate for Plaintiff's claims.

19.    BMW NA states that Paragraph 19 contains no factual allegations and, as such, no response is required. To the extent factual allegations are averred, BMW NA asserts that the correspondence, attached to Plaintiff's Complaint, speaks for itself but denies that these documents set forth a factual predicate for Plaintiff's claims.

20.    BMW NA asserts that the correspondence attached to Plaintiff's Complaint speaks for itself but denies that these documents set forth a factual predicate for Plaintiff's claims.

21.    BMW NA denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and further asserts that Plaintiff never resigned from her position with BMW NA.

22.     BMW NA denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and further asserts that Plaintiff never resigned from her position with BMW NA.

23.     BMW NA states that Paragraph 23 contains no factual allegations and, as such, no response is required.   Notwithstanding the foregoing, BMW NA asserts that Plaintiff is not entitled to damages and therefore, denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## AS TO "COUNT I"

24.     BMW NA restates its responses to Paragraph 1 through 23 above as if fully set forth herein.

25.     BMW NA avers that these allegations set forth conclusions of law to which it avers that it has no obligation to respond and which, in any event, it denies.

26.     BMW NA denies the allegations contained in Paragraph 26.

27.     BMW NA denies the allegations contained in Paragraph 27.

## AS TO "COUNT II"

28.     BMW NA restates its responses to Paragraph 1 through 27 above as if fully set forth herein.

29.     BMW NA avers that these allegations set forth conclusions of law to which it avers that it has no obligation to respond and which, in any event, it denies.

30.     BMW NA denies the allegations contained in Paragraph 30.

31.     BMW NA denies the allegations contained in Paragraph 31.

## AS TO "COUNT III"

32.    BMW NA restates its responses to Paragraph 1 through 31 above as if fully set forth herein.

33.    BMW NA denies the allegations contained in Paragraph 33.

34.    BMW NA denies the allegations contained in Paragraph 34.

35.    BMW NA denies the allegations contained in Paragraph 35.

## AS TO "COUNT IV"

36.    BMW NA restates its responses to Paragraph 1 through 35 above as if fully set forth herein.

37.    BMW NA reserves its right to respond to this allegation contained in Count IV, if required, pending resolution of its Partial Motion to Dismiss.

38.    BMW NA reserves its right to respond to this allegation contained in Count IV, if required, pending resolution of its Partial Motion to Dismiss.

39.    BMW NA reserves its right to respond to this allegation contained in Count IV, if required, pending resolution of its Partial Motion to Dismiss.

40.    BMW NA reserves its right to respond to this allegation contained in Count IV, if required, pending resolution of its Partial Motion to Dismiss.

## AS TO "COUNT V"

41.    BMW NA restates its responses to Paragraph 1 through 40 above as if fully set forth herein.

42.    BMW NA reserves its right to respond to this allegation contained in Count V, if required, pending resolution of its Partial Motion to Dismiss.

43.    BMW NA reserves its right to respond to this allegation contained in Count V, if required, pending resolution of its Partial Motion to Dismiss.

44.    BMW NA reserves its right to respond to this allegation contained in Count V, if required, pending resolution of its Partial Motion to Dismiss.

45.    BMW NA reserves its right to respond to this allegation contained in Count IV, if required, pending resolution of its Partial Motion to Dismiss.

## AS TO "COUNT VI"

46.    BMW NA restates its responses to Paragraph 1 through 45 above as if fully set forth herein.

47.    BMW NA reserves its right to respond to this allegation contained in Count VI, if required, pending resolution of its Partial Motion to Dismiss.

48.    BMW NA reserves its right to respond to this allegation contained in Count VI, if required, pending resolution of its Partial Motion to Dismiss.

49.    BMW NA reserves its right to respond to this allegation contained in Count VI, if required, pending resolution of its Partial Motion to Dismiss.

50.    BMW NA reserves its right to respond to this allegation contained in Count VI, if required, pending resolution of its Partial Motion to Dismiss.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to identify the "contracts" upon which she claims relief.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to identify the "oral representations" upon which she claims relief.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to entitle her to any of the damages or other relief she seeks, including but not limited to any claims for compensatory damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive or exemplary damages are unconstitutional and/or barred by applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Defendant breached no legal duty owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Any loss or damage sustained by Plaintiff was occasioned by the acts or omissions of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent she failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant engaged in good faith efforts to comply with all applicable state statutes cited in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination and retaliation are barred because Defendant's treatment of Plaintiff was based upon legitimate and lawful factors and was not motivated by any discriminatory animus.

## ELEVENTH AFFIRMATIVE DEFENSE

Assuming for the purposes of this defense that Plaintiff could demonstrate that her gender was a motivating factor in the personnel actions she challenges, Defendant would have taken the same actions in absence of any such motivating factor.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was at all times treated without regard to her gender.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and by the doctrine of *in pari delicto*.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the New Jersey Law Against Discrimination.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any unlawful discriminatory or retaliatory behavior.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive knowledge of many of the alleged concerns and/or complaints set forth in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant reasonably investigated matters Plaintiff brought to its attention. To the extent Plaintiff claims that other conduct occurred, Plaintiff failed to use the anti-discrimination and anti-retaliation policies and enforcement procedures Defendant maintained to eliminate such conduct from the workplace.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant established and communicated a policy against unlawful discrimination and/or retaliation, which contains a complaint procedure. Plaintiff's claim for discrimination and/or retaliation is barred because Plaintiff unreasonably failed to complain or otherwise utilize said policy or procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a matter of law, Defendant is not responsible for conduct Plaintiff did not report and which Plaintiff gave Defendant no opportunity to investigate, alter, or remedy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

A causal nexus does not exist between Plaintiff's alleged complaints, if any, and any alleged adverse employment action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim of emotional distress is or may be barred because Defendant's conduct was not extreme and outrageous and because Defendant did not act intentionally or recklessly to

produce emotional distress.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional distress is barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If any of the actions of Defendant's agents or representatives were not proper, those agents or representatives were not acting in the course of and/or within the scope of their employment, and thus, Defendant is not vicariously liable for their actions.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to rely upon such other and further affirmative defenses as may be supported by facts to be determined through discovery in this proceeding.

**WHEREFORE**, Defendant demands judgment:

(a)    dismissing the Complaint in its entirety;

(b)    awarding Defendant the reasonable costs, including attorney's fees, expended in defending this action; and

(c)    granting such other relief as the Court deems proper.

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
BMW of North America, LLC

By:    _____
       Helen E. Tuttle

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, Helen E. Tuttle, Esq. and Meredith R. Murphy are hereby

designated as trial counsel for Defendant BMW of North America, LLC.

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant
BMW of North America, LLC

By: _____

Helen E. Tuttle

Dated: February 23, 2011

## REQUEST FOR DOCUMENTS REFERRED TO IN THE COMPLAINT

Defendant hereby demands, pursuant to R. 4:18-2, that Plaintiff serve upon Defendant copies of all documents referred to in the Complaint within five (5) days of the service of the herein demand.

<div style="text-align: right;">

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
BMW of North America, LLC

By: _____
Helen E. Tuttle

</div>

Dated: February 23, 2011

## DEMAND FOR STATEMENT OF DAMAGES

Defendant hereby demands that Plaintiff provide a written statement of damages claimed within five (5) days of service of this pleading.

<div style="text-align: right;">

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
BMW of North America, LLC

By: _____
Helen E. Tuttle

</div>

Dated: February 23, 2011

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I hereby certify that the matter in controversy between the parties is not, to the best of my knowledge, the subject of any other action pending in any other Court.

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant
BMW of North America, LLC

By: _____

Helen E. Tuttle

Dated: February 23, 2011

**DRINKER BIDDLE & REATH LLP**
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

| | |
|---|---|
| LINDSAY PEBODY,<br><br>     Plaintiff<br><br>-vs-<br><br>BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: L-327-11<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE** |

   Pamela H. Ricci, under the penalties of perjury states:

   1.  I am employed as a legal secretary with the firm of Drinker Biddle & Reath LLP,

attorneys for Defendant BMW of North America, LLC in the above-referenced matter.

   2.  On February 23, 2011, I caused to be filed with Clerk of the Court, Superior Court

of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey, by Federal Express,

the original and two copies of the following documents:

   Defendant's Answer with Affirmative Defenses;

   Civil Case Information Sheet; and

   Certification of Service

   3.  On February 23, 2011, I caused a copy of the above documents to be served on counsel of

record by Federal Express:

      Omar Lopez, Esq.
      Hyderally & Associates, PC
      33 Plymouth Street, Suite 202
      Montclair, NJ  07042

FP01/ 6469794.1

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Pamela H. Ricci

Dated:  February 23, 2011

# EXHIBIT C

## DrinkerBiddle&Reath
### L L P

Helen E. Tuttle
Partner
973-549-7263 Direct
973-360-9831 Fax
helen.tuttle@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

February 23, 2011

**VIA FEDERAL EXPRESS**
Deputy Clerk, Civil Division
Superior Court of New Jersey, Bergen County
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

Re:  **Lindsay Pebody v. BMW of North America, LLC, et al.**
      **Docket No.: BER-L-000327 11**

Dear Sir/Madam:

Our firm represents Defendant BMW of North America, LLC ("BMW NA") in the above matter.

Enclosed for filing please find an original and one copy of:

1) BMW NA's Notice of Motion to Dismiss Counts IV-VI of Plaintiff's Complaint;

2) Brief in support thereof;

3) Certification of Joshua D. Rinschler, with Exhibits;

4) Proposed Form of Order; and

5) Certification of Service.

Please file the original and return a copy stamped filed to this office in the envelope provided.  Please charge any applicable filing fees to this firm's account No. 93800.

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

*Established 1849*

FP01/ 6469790.1

DrinkerBiddle&Reath
L L P

February 23, 2011
Page 2

Thank you for your time and attention in this matter.

Very truly yours,

Helen E. Tuttle

HET
cc:    Omar A. Lopez, Esq.

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

------------------------------------------------------------

| | |
|---|---|
| LINDSAY PEBODY, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>BERGEN COUNTY |
| Plaintiff, | |
| v. | DOCKET NO. L-327-11 |
| BMW OF NORTH AMERICA, LLC,<br>JOHN DOES 1-10 and XYZ CORP. 1-10, | CIVIL ACTION |
| Defendants. | **NOTICE OF MOTION TO DISMISS<br>TO DISMISS COUNTS IV-VI OF<br>PLAINTIFF'S COMPLAINT** |

------------------------------------------------------------

**TO:**    Omar A. Lopez, Esq.
          Hyderally & Associates, P.C.
          33 Plymouth Street, Suite 202
          Montclair, NJ 07042

**PLEASE TAKE NOTICE** that on March 18, 2011, at 9:00 a.m., or as soon thereafter as counsel may be heard, Drinker Biddle & Reath LLP, attorneys for Defendant BMW of North America, LLC, will move, to the Bergen County Superior Court, 10 Main Street, Hackensack, New Jersey 07601, for an Order dismissing Counts IV, V and VI of Plaintiff's Complaint in the above action, with prejudice.

**PLEASE TAKE FURTHER NOTICE** that in support of this motion BMW of North America, LLC shall rely upon the accompanying brief and Certification of Joshua D. Rinschler, with Exhibits. Additionally, a proposed form of order is submitted herewith.

FP01/ 6467911.1

**PLEASE TAKE FURTHER NOTICE** that BMW of North America, LLC hereby requests oral argument if this motion is opposed.

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
BMW of North America, LLC

By _____
Helen E. Tuttle

Dated: February 23, 2011

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

---------------------------------------------------------------

| | | |
|---|---|---|
| LINDSAY PEBODY, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: |
| Plaintiff, | : | BERGEN COUNTY |
| | : | |
| v. | : | DOCKET NO. L-327-11 |
| | : | |
| BMW OF NORTH AMERICA, LLC, | : | |
| JOHN DOES 1-10 and XYZ CORP. 1-10, | : | CIVIL ACTION |
| | : | |
| Defendants. | : | |
| | : | |

---------------------------------------------------------------

## DEFENDANT'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS
## COUNTS IV-VI OF PLAINTIFF'S COMPLAINT

**DRINKER BIDDLE & REATH  LLP**
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
Telephone (973) 360-1100
Facsimile (973) 360-9831
Attorneys for Defendant
BMW of North America, LLC

ON THE BRIEF:
        Helen E. Tuttle, Esq.
        Joshua D. Rinschler, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

LEGAL STANDARD OF REVIEW ................................................................................... 2

LEGAL ARGUMENT ......................................................................................................... 3

     A.     Plaintiff's Breach of Express Contract Claim (Count IV) Must be
          Dismissed Because Plaintiff has Not Plead that a Valid Contract Existed
          Between the Parties and, Indeed, No Such Contract Exists ................................... 3

     B.     Plaintiff's Breach of Implied Contract Claims (Count VI) Must be
          Dismissed Because Plaintiff has not Adequately Plead the Existence of an
          Implied Contract ................................................................................................... 4

     C.     Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and
          Fair Dealing (Count V) Must be Dismissed Because No Valid Contract
          (Express or Implied) Existed Between the Parties ................................................. 9

     D.     Plaintiff Has Failed to Plead a Claim for Constructive Discharge ...................... 11

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

Barone v. Leukemia Soc'y of Am.,
    42 F. Supp. 2d 452 (D.N.J. 1998) ....................................................................................10

Bell v. KA Indus. Servs., LLC,
    567 F. Supp. 2d 701 (D.N.J. 2008) ...................................................................................5

Brunner v. Apex Corp.,
    661 F. Supp. 1351 (D.N.J. 1986) .....................................................................................10

Citizens State Bank of N.J. v. Libertelli,
    215 N.J. Super. 190 (App. Div. 1987) ..............................................................................10

Daniels v. Mut.Life Ins.Co.,
    340 N.J. Super. 11 (App. Div. 2001) ................................................................................11

E. Dickerson & Son, Inc. v. Ernst & Young, LLP,
    361 N.J. Super. 362 (App. Div. 2003) aff'd, 179 N.J. 500 (2004) .....................................6

Edwards v. Prudential Prop. & Cas. Co.,
    357 N.J. Super. 196 (App. Div. 2003) ..............................................................................2

Fischer v. Allied Signal Corp.,
    974 F. Supp. 797 (D.N.J. 1997) .......................................................................................5

Gil v. Related Mgmt. Co.,
    No. 06-2174, 2006 WL 2358574 (D.N.J. Aug. 14, 2006) ..............................................6, 9

Gilbert v. Durand Glass Mfg. Co.,
    258 N.J. Super. 320 (App. Div. 1992) ..............................................................................5

Lecours v. Mobil Corp,
    No. L-1872-99, 2005 WL 3500802 (App. Div. Dec. 23, 2005) .......................................10

Mele v. Fed. Resource Bank of N.Y.,
    359 F.3d 251 (3d Cir. 2004) .............................................................................................6

Murphy v. Implicito,
    392 N.J. Super. 245 (App. Div. 2007) ..............................................................................3

Nead v. Union County Educ. Servs. Com'n,
    No. L-1753-09, 2011 WL 166245 (App. Div. Jan 20, 2011) ............................................6

New Jersey Assoc. of Health Plans v. Farmer,
    342 N.J. Super. 536 (App. Div. 2000) ...........................................................................2, 5

Nicosia v. Wakefern Food Corp.,
    136 N.J. 401 (N.J. 1994) .........................................................................................4, 7, 8

Noye v. Hoffmann-La Roche, Inc.,
    238 N.J. Super. 430 (App. Div.) .....................................................................................9

Powell v. Hunterdon Care Ctr.,
    No. 1230-08, 2009 WL 1789450 (App. Div. June 25, 2009) ..............................................4

Printing Mart v. Sharp Elecs.,
    116 N.J. 739 (1989) .......................................................................................................2

Ratti v. Serv. Mgmt. System, Inc.,
    2008 WL 4004256 (D.N.J. Aug. 25, 2008) ......................................................................8

Reynolds v. Palnut Co.,
    330 N.J. Super. 162 (App. Div. 2000) .............................................................................5

Rieder v. State Dep't of Transp.,
    221 N.J. Super. 547 (App. Div. 1987) ..............................................................................2

Schlichtig v. Inacom Corp.,
    271 F. Supp. 2d 597 (D.N.J. 2003) .................................................................................9

Shepherd v. Hunterdon Dev. Ctr.,
    174 N.J. 1 (2002) .........................................................................................................11

Wade v. Kessler Inst.,
    343 N.J. Super. 338 (App. Div. 2001) ...........................................................................10

Warner v. Fed. Express Corp.,
    174 F. Supp. 2d 215 (D.N.J. 2001) .................................................................................9

Woolley v. Hoffmann-LaRoche, Inc.,
    99 N.J. 284, modified, 101 N.J. 10 (1985).....................................................................6, 7

## PRELIMINARY STATEMENT

Defendant BMW of North America, LLC ("BMW NA") respectfully submits this brief in support of its Partial Motion to Dismiss, with prejudice, Counts IV-VI of Plaintiff Lindsay Pebody's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 4:6-2(e).

This employment case involves a disgruntled, at-will employee who filed a Complaint alleging six counts, none of which have any factual or legal support, against BMW NA.[1] Nevertheless, three counts (Counts IV-VI), sounding in breach of contract claims, should be dismissed immediately because, even when all allegations are accepted as true and inferences favorably granted, these counts do not state a cognizable cause of action. Plaintiff's claim is based, in essence, on her flawed belief that her compensation was lower than her male counterparts and that such alleged pay disparity was due to her a gender. BMW NA denies this claim in its entirety. Plaintiff, an employee who worked abroad from 2002-2010, demanded that she be placed into higher level positions (with, as one might expect, higher salaries) upon her return to the United States. Despite BMW NA's efforts, Plaintiff rejected BMW NA's offers to place her in suitable positions and continued her persistent demands for higher level promotions. Without resolution, Plaintiff filed this lawsuit.

BMW NA's motion boils down to a simple proposition: without a valid and enforceable contract, there can be no breach of contract. First, Plaintiff's breach of *express* contract (Count

---

[1] Counts I and II allege gender discrimination and retaliation under the New Jersey Law Against Discrimination ("NJLAD") and Count III alleges intentional infliction of emotional distress. See Complaint (attached as Exhibit A to the Certification of Joshua Rinschler ("Rinschler Cert.")) ¶¶24-35. Further, while Paragraphs 21-22 of her Complaint allege that Plaintiff has been constructively discharged, BMW NA's records show that Plaintiff remains an employee of BMW NA who has been on a leave of absence since October 2010. To the extent Plaintiff claims to have been constructively discharged, and has included a loosely plead claim to that effect, BMW NA seeks dismissal of this claim as well. See discussion, infra, at pp. 11.

IV) fails because Plaintiff never identifies any contract between herself and BMW NA and, indeed, no such contract ever existed.  Second, Plaintiff's breach of *implied* contract claim (Count VI) fails because no implied contract between Plaintiff and BMW NA was ever created in any way.  Plaintiff never identifies any oral representations in her Complaint and fails to adequately plead any of the requisite elements for the existence of an oral employment policy. Third, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count V) cannot survive in a vacuum and falls with the failure of Plaintiff's breach of contract claims.

Accordingly, BMW NA respectfully requests that the Court grant its Partial Motion to Dismiss and dismiss Counts IV-VI of Plaintiff's Complaint.

## LEGAL STANDARD OF REVIEW

This Partial Motion to Dismiss is made pursuant to Rule 4:6-2(e), and, accordingly, the allegations of Plaintiff's Complaint are accepted as true for purposes of this motion only.

On a motion to dismiss for failure to state a claim, the Court must search the complaint in depth and with a liberal view to determine if a cause of action can be determined.  Printing Mart v. Sharp Elecs., 116 N.J. 739, 746 (1989).  In making this determination the Court must examine "the legal sufficiency of the facts alleged on the face of the complaint."  Id.  Although the plaintiff is accorded every reasonable inference, dismissal is appropriate if "the allegations are 'palpably insufficient to support a claim upon which relief can be granted'".  New Jersey Ass'n of Health Plans v. Farmer, 342 N.J. Super. 536, 550 (App. Div. 2000) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).  Ultimately, a motion to dismiss "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiff's claim must be apparent from the complaint itself." Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003).

## LEGAL ARGUMENT

**A.    Plaintiff's Breach of Express Contract Claim (Count IV) Must be Dismissed Because Plaintiff has Not Plead that a Valid Contract Existed Between the Parties and, Indeed, No Such Contract Exists.**

Plaintiff, without identifying any express contract between herself and BMW NA, asserts that BMW NA owed "contractual obligations" to her. See Complaint, attached as Exhibit A to the Certification of Joshua D. Rinschler ("Rinschler Cert."), ¶¶37-38.  In the absence of such a written agreement, Plaintiff points to purported obligations set forth in unspecified "written representations, company documents, personnel documents, handbook, company documents pertaining to promotion issues, pay issues, other employment documents, and/or discrimination, harassment and retaliation policies." See Complaint ¶37.   None of these documents create an express contract or agreement between Plaintiff and BMW NA.

Plaintiff's claim for "breach of express contract" must be dismissed because Plaintiff has simply not alleged the existence of a valid contract between the parties.  To establish a breach of contract claim, "a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). Plaintiff's search for some contractual obligation by setting forth a laundry list of various categories of company documents fails because none of these documents are contracts between Plaintiff and BMW NA.  While, in certain limited circumstances, promises contained in an employment manual can create obligations on the part of an employer (a so-called "Woolley

contract")[2], such claims are properly styled as a breach of implied contract, rather than as a breach of express contract. Nicosia v. Wakefern Food Corp., 136 N.J. 401, 410-11 (N.J. 1994).

Because Plaintiff has failed to plead the existence of a valid, enforceable agreement between herself and BMW NA, her "breach of express contract" claim (Count IV) must be dismissed.

**B.     Plaintiff's Breach of Implied Contract Claims (Count VI) Must be Dismissed Because Plaintiff has not Adequately Plead the Existence of an Implied Contract**

   *1)    Plaintiff has Failed to Properly Plead the Existence of a Relevant Oral Employment Policy*

Plaintiff offers virtually no factual predicate for Count VI, instead offering only the conclusory assertions that "Defendants made numerous oral representations", without identifying what these alleged representations were, and that "these oral representations" were breached. See Complaint ¶¶ 47-48. Ultimately, these bare bones allegations are insufficient to defeat a motion to dismiss.   See, e.g., Powell v. Hunterdon Care Ctr., No. 1230-08, 2009 WL 1789450 (App. Div. June 25, 2009) (upholding trial court's decision to grant a motion to dismiss a plaintiff's overly vague employment discrimination claims).

Plaintiff has also failed to assert, as she must, the following essential allegations necessary to plead the existence of an oral company-wide employment policy:

   1) the existence of an oral employment policy which contained a promise with respect to the terms of conditions of employment;

   2) that the policy was definitive, established and company-wide;

   3) that the alleged oral representations accurately represented company policy; and

---

[2] To the extent that Plaintiff's other claims can be construed as a claim for breach of implied contract, Plaintiff still has not plead a cognizable claim and her claim for breach of implied contract must be dismissed. See Point B, infra.

4) that the alleged statements were made by a supervisor who was authorized to make the alleged representations.

See Fischer v. Allied Signal Corp., 974 F. Supp. 797, 808 (D.N.J. 1997) (citing Gilbert v. Durand Glass Mfg. Co., 258 N.J. Super. 320, 330-31 (App. Div. 1992)); see also Reynolds v. Palnut Co., 330 N.J. Super. 162, 171 (App. Div. 2000) (setting forth the elements of breach of implied contract in the employment setting).  Here, rather than pleading any of the requisite elements described above in order to show the existence of an oral employment policy, Plaintiff has plead nothing beyond vague and insufficient conclusory allegations.  Therefore, Count VI should be dismissed.

### 2) *Plaintiff Cannot Successfully Plead a "Woolley" Claim Because the BMW NA Employee Handbook Does Not Make Representations with Respect to the Terms and Conditions of Employment and the Handbook Contains a Prominent Disclaimer*

No express contract ever existed between Plaintiff and BMW NA.  See discussion, supra, at Point A.  Plaintiff, therefore, has been forced to rely upon BMW NA's Employee Handbook and "other" company documents as the basis for her breach of contract claim.  See Complaint ¶ 37.  However, Plaintiff has failed to identify *any* specific provision or language guaranteeing job security or positions in those documents.  As such, Plaintiff's claim for breach of implied contract must be dismissed because it is "palpably insufficient to support a claim upon which relief can be granted."  New Jersey Ass'n of Health Plans v. Farmer, 342 N.J. Super. 536, 550 (App. Div. 2000); see also Bell v. KA Indus. Servs., LLC, 567 F. Supp. 2d 701, 710 (D.N.J. 2008) (dismissing plaintiff's Woolley breach of contract claim for failure to state a claim based on Plaintiff's failure to identify any relevant provisions in his employment manual).  Nor, for the reasons set forth below, should Plaintiff's Complaint be dismissed without prejudice.  There is

Handbook, attached as Ex. B to Rinschler Cert.  Thus, no employee, upon a fair reading of the Handbook, could conclude that the Handbook makes any representations with respect to these terms of employment.

Second, the Handbook contains two clear and prominent disclaimers which negate any possible inference of any sort of implied contract.  An effective disclaimer by the employer may overcome the implication that its employment manual constitutes an enforceable contract of employment.  Nicosia v. Wakefern Food Corp., 136 N.J. 401, 412 (N.J. 1994).  An employer can make such a disclaimer by including in the Handbook "an appropriate statement that there is no promise of any kind by the employer contained in the manual."  Id.  For example, in Woolley, Plaintiff claimed his employer terminated him without going through the termination procedures set forth in the handbook.  Woolley, 99 N.J. at 286-87.  Therefore, in that case, the Court held that an appropriate disclaimer would have stated "that the employer continues to have the absolute power to fire anyone with or without good cause."  Id. at 309.

The BMW NA Handbook contained two such disclaimers.  On the first page of the Handbook, each employee is required to sign an acknowledgment of receipt of the Handbook.  See Handbook, Pg. 1.  This page contains that following statement:

> This handbook is for information purposes only.  *It is not intended to create or to be construed as a contract*; the policies contained in this handbook are to be used as general guidelines and *are not binding promises made by BMW NA*.  (emphasis added).

At page 41, under the bold heading "Termination," there is the following statement:

---

(Continued)

[4] Count VI of Plaintiff's Complaint does not reference the BMW NA Employee Handbook or any other company documents.  Rather, the Handbook is referenced only in Count IV, and then only as part of the list of company documents which Plaintiff provides in a vain attempt to find some contractual obligation owed to her by BMW NA.

> As previously noted, employment at BMW NA is predicated *on an "at-will" basis*. This is a legal phrase which means that just as an individual has the right to leave the Company's employment at any time, or for any reason, so too *the Company also has the right to terminate an employee at any time with or without cause*. However, this does not change the fact that we sincerely look forward to a mutually productive working relationship.

(emphasis added).

The above language indicates, in straightforward terms, that the Handbook is not an employment contract of any kind, that the Handbook does not contain any binding promises on BMW NA with respect to the terms and conditions of employment, and that the employee is subject to termination at will. No reasonable employee could have thought that the handbook was intended to create legally binding obligations. The disclaimer specifically warns unambiguously that nothing in the handbook is intended or can be interpreted as a contract, and again warns that certain terms are not intended or may be interpreted as a contract. Moreover, the document titled "Acknowledgment Form," located on the very first page of the Handbook, could not be any clearer. "A disclaimer should be placed or presented in such a way that is calculated to focus the attention of the reader". <u>Nicosia</u>, 136 N.J. at 406. BMW NA's clear and prominent disclaimer in both its Handbook and Acknowledgement Form, which are similar in language to other effective disclaimers, negates any implication of a contract. <u>See, e.g.</u>, <u>Ratti v. Serv. Mgmt. Sys., Inc.</u>, 2008 WL 4004256 (D.N.J. Aug. 25, 2008) (pointing to several clear and prominent disclaimers in the employer's handbook including that "[e]mployment with [employer] is voluntarily entered into, and the employee is free to resign at will at any time, with or without cause. Similarly, [employer] may terminate the employment relationship at will at any time, with or without cause, so long as there is no violation of applicable federal or state law"; "the right to terminate the employment relationship at will at any time is retained by both the employee and [employer]"; "[employer has the] right to terminate employment at will, with

or without cause, at any time"); Gil v. Related Mgmt. Co., No. 06-2174, 2006 WL 2358574, at *5-6 (D.N.J. Aug. 14, 2006) (finding clear and prominent disclaimer that states, in part, "[n]othing in this handbook shall be construed as a contract of employment); Warner v. Fed. Express Corp., 174 F. Supp. 2d 215, 226-27 (D.N.J. 2001) (finding that no implied contract from a handbook with disclaimer providing, in part, that "[t]he Company wants you to understand that *The Federal Express Employee Handbook* should not be considered a contract of employment, nor should *The Federal Express Employee Handbook's* provisions be read or implied to provide for one").

Under governing New Jersey law, BMW NA's clear and prominent disclaimer is effective, as a matter of law, to bar Plaintiff's claims based on an BMW NA's Employee Handbook and Plaintiff's breach of implied contract must be dismissed in its entirety. Ultimately, Plaintiff fails to state a valid breach of implied contract claim justifying dismissal with prejudice of Count VI.

### C.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count V) Must be Dismissed Because No Valid Contract (Express or Implied) Existed Between the Parties

In the Fifth Count of her Complaint Plaintiff alleges a breach of implied covenant of good faith and fair dealing. The failure of Plaintiff's breach of contract claim necessarily leads to the dismissal of her claim for breach of an implied covenant of good faith and fair dealing: "In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing." Noye v. Hoffmann-La Roche, Inc., 238 N.J. Super. 430, 434 (App. Div.), certif. denied, 122 N.J. 146 (1990); see also Schlichtig v. Inacom Corp., 271 F. Supp. 2d 597, 606-07 (D.N.J. 2003) ("[B]ecause the Court has concluded that the terms of this employee manual could not have given rise to an implied contract of employment, it necessarily follows that the

manual's provisions do not contain an implied covenant of good faith and fair dealing."); <u>Barone v. Leukemia Soc'y of Am.</u>, 42 F. Supp. 2d 452, 457 (D.N.J. 1998) ("In the absence of a contract, there is no implied covenant of good faith and fair dealing which might be used as a basis for finding a right to continued employment.").

This principle is demonstrated by <u>Wade v. Kessler Inst.</u>, 343 N.J. Super. 338, 347 (App. Div. 2001), <u>aff'd</u> in part, <u>modified</u> in part, 127 N.J. 372 (2002). In <u>Wade</u>, the plaintiff claimed that her employee manual created an implied contract and that her employer had breached the agreement as well as the implied covenant of good faith and fair dealing. <u>Id.</u> at 344. The plaintiff won a jury verdict for $65,000 based solely on her claim for breach of the implied covenant of good faith and fair dealing. <u>Id.</u> The Appellate Division reversed, holding that the trial court committed reversible error when it "failed to instruct the jury that an implied contract must be found before the jury could find that the implied covenant of good faith and fair dealing had been breached." <u>Id.</u> at 351. This is because the existence of a contract is an "essential element" of any claim for a breach of the implied covenant of good faith and fair dealing. <u>Id.</u> at 347. <u>see also</u> <u>Lecours v. Mobil Corp</u>, No. L-1872-99, 2005 WL 3500802, at *5 (App. Div. Dec. 23, 2005) ("Because plaintiff failed to demonstrate that an implied contract existed, his claim that defendant breached its implied covenant of good faith and fair dealing is moot.").

Moreover, Plaintiff's employment with BMW NA was at-will and, under New Jersey law, an implied covenant of good faith and fair dealing does not exist in at-will employment situations as a matter of law. <u>Brunner v. Apex Corp.</u>, 661 F. Supp. 1351, 1356 (D.N.J. 1986); <u>see also</u> <u>Citizens State Bank of N.J. v. Libertelli</u>, 215 N.J. Super. 190, 194 (App. Div. 1987) (noting that New Jersey Courts "have not invoked the implied covenant of good faith and fair dealing to restrict the authority of employers to fire at will employees").

Because no employment contract existed between Plaintiff and BMW NA for the reasons set forth in Points A and B above, no breach of an implied covenant of good faith and fair dealing could have occurred. Accordingly, that cause of action, contained in Count V, should also be dismissed with prejudice.

### D.    Plaintiff Has Failed to Plead a Claim for Constructive Discharge

Plaintiff has failed to plead a claim for constructive discharge.[5]  To the extent Plaintiff intends to assert such a claim, a plaintiff must show that the employer "knowingly permit[ted] conditions of discrimination so intolerable that a reasonable person subject to them would be forced to resign rather than continue to endure it." Shepherd v. Hunterdon Dev. Ctr., 174 N.J. 1, 27-28 (2002). Accordingly, "in a constructive discharge situation, a violation occurs at the point where a reasonable employee is compelled to resign due to the employer's action." Daniels v. Mutual Life Ins. Co., 340 N.J. Super. 11, 17 (App. Div. 2001). A threshold necessity to any claim for constructive discharge is that the employee resign from his or her employment. See id. at 18 (holding that a cause of action for constructive discharge does not accrue until the employee tenders his or her resignation). Here, Plaintiff has never tendered her resignation and she remains a current employee of BMW NA and, therefore, has not plead any specific date of resignation. This omission is fatal to Plaintiff's constructive discharge claim.

---

[5] Plaintiff has not plead a separate claim for constructive discharge but alleges, at Paragraph 21 of the Complaint, that "Defendants' acts resulted in her constructive discharge from BMW with an effective date of January 2011." See Complaint ¶21.

## CONCLUSION

For the foregoing reasons, Defendant BMW of North America, LLC respectfully requests

that the Court grant its Partial Motion to Dismiss Counts IV, V and VI of Plaintiff's Complaint.

**DRINKER BIDDLE & REATH LLP**
Attorneys for Defendant
BMW of North America, LLC

By:_____
Helen E. Tuttle

Dated:  February 23, 2011

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

---

| | |
|---|---|
| LINDSAY PEBODY, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: |
| Plaintiff, | BERGEN COUNTY |
| v. | DOCKET NO. L-327-11 |
| BMW OF NORTH AMERICA, LLC, | |
| JOHN DOES 1-10 and XYZ CORP. 1-10, | CIVIL ACTION |
| Defendants. | **CERTIFICATION OF JOSHUA D. RINSCHLER** |

---

JOSHUA D. RINSCHLER hereby certifies as follows:

I am an attorney at law of the State of New Jersey, and an associate at the firm of Drinker Biddle & Reath LLP, attorneys for Defendant BMW of North America, LLC ("BMW NA"). I make this Certification on my own personal knowledge and in support of BMW NA's Partial Motion to Dismiss Counts IV-VI of Plaintiff's Complaint.

1.     Attached hereto as **Exhibit A** is a true and accurate copy of the Complaint filed by Plaintiff Lindsay Pebody in the above-captioned action, dated January 4, 2011.

2.     Attached hereto as **Exhibit B** is a true and accurate copy of "The BMW NA Employee Handbook."

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false I may be subject to punishment.

Joshua D. Rinschler

Dated:  February 22, 2011

# EXHIBIT D

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

|  |  |
|---|---|
| **LINDSAY PEBODY,** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-327-11 |
| **PLAINTIFF,** | |
| **VS.** | CIVIL ACTION |
| **BMW OF NORTH AMERICA, LLC,<br>JOHN DOES 1-10, AND XYZ CORP. 1-10,** | |
| **DEFENDANTS.** | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT BMW OF NORTH AMERICA'S PARTIAL MOTION TO DISMISS COUNTS IV-VI OF PLAINTIFF'S COMPLAINT

Hyderally & Associates, P.C.
33 Plymouth Street
Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501

Of Counsel:    Ty Hyderally, Esq.

On the Brief:    Omar A. Lopez, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT......................................................................................... 1

LEGAL ARGUMENT ........................................................................................................ 1

   I.   Plaintiff's Complaint Is Sufficiently Plead ................................................................ 1

      a.    Applicable Standard to R. 4:6-2(e) Motions ...................................................... 1

      b.    R. 4:6-2(e) prohibits raising extraneous issues and evidence............................. 2

   II.   Defendant's Partial Motion to Dismiss Is Premature ............................................... 3

   III.   Constructive Discharge ........................................................................................... 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

Heavner v. Uniroyal, Inc., 63 N.J. 130 (1973) ................................................................................. 3

Kaczorowska v. National Envelope Corp., 342 N.J. Super. 580 (App. Div. 2000) ........................ 8

Muniz v. United Hsps. Med. Ctr. Pres. Hsp., 153 N.J. Super. 79 (App. Div. 1977) ...................... 3

P. & J. Auto Body v. Miller, 72 N.J. Super. 207 (App. Div. 1962) ................................................. 3

Pepe v. Rival Co. 85 F.Supp.2d 349 (D.N.J. 1999) ........................................................................ 7

Polk v. Schwartz, 166 N.J. Super. 292 (App. Div. 1979) ............................................................... 3

Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739 (1989). ................................ 2

Rieder v. State, 221 N.J. Super. 547 (App. Div. 1987) ................................................................... 3

Smith v. City of Newark, 136 N.J. Super. 107 (App. Div. 1975) ................................................... 3

Sons of Thunder, Inc. v. Borden, Inc. 148 N.J. 396 (1997) ........................................................... 7

State, Dept. of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Communications Intern., Inc.,

    387 N.J. Super. 469 (App. Div. 2006) ...................................................................................... 3

Wellington v. Estate of Wellington, 359 N.J. Super. 484 (App. Div.), certif. denied, 177 N.J. 493

    (2003) ........................................................................................................................................ 8

Wilson v. Amerada Hess Corp., 168 N.J. 236 (2001) .................................................................... 8

Woolley v. Hoffmann-La Roche, Inc. 99 N.J. 284 (1985), modified, 101 N.J. 10 (1985) ............ 7

## Rules

R. 4:6-2 ............................................................................................................................................ 5

## PRELIMINARY STATEMENT

Plaintiff, Lindsay Pebody (hereinafter "Pebody" or "Plaintiff") hereby responds to Defendant BMW of North America's (hereinafter "BMW NA" or "Defendant") motion to dismiss Counts IV-VI of Plaintiff's complaint. Defendant's bases for the motion may be culled into one assertion that no employment contract existed between Plaintiff and Defendant.

As will be demonstrated more fully below, Plaintiff properly pled sufficient facts for the Counts asserted therein, and thus, we respectfully submit that Defendant's motion should be denied.[1] To the extent that the court disagrees, Plaintiff respectfully seeks leave to amend the Complaint to add more facts. Further, Plaintiff notes that this motion is a pre-discovery motion and is premature in that Plaintiff anticipates that discovery will yield more proofs to further support the contractual claims set forth in the Complaint.

## LEGAL ARGUMENT

## I.   Plaintiff's Complaint Is Sufficiently Plead

### a. Applicable Standard to R. 4:6-2(e) Motions

The applicable standard to a motion to dismiss for failure to state a cause of action is whether a cause of action is "suggested" by the facts in the complaint. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, at 746 (1989). In Printing Mart, the New Jersey Supreme Court held that a court's inquiry:

---

[1]    Defendant's assertion that none of the Complaint's six counts "have any factual or legal support" is baseless. As it is not the

1

> is limited to examining the legal sufficiency of the facts alleged on
> the face of the complaint. [The] court searches the complaint in depth
> and with liberality to ascertain whether the fundament of a cause of
> action may be gleaned even from an obscure statement of claim,
> opportunity being given to amend if necessary. Id. (citations and
> internal quotation marks omitted).

The Supreme Court has directed trial courts to grant motions to dismiss for failure to state a

cause of action only in the rarest of instances. Id. 771-72. Even if such a motion results in the

dismissal, the "dismissal should be without prejudice to a plaintiff's filing of an amended complaint."

Id., see also State, Dept. of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Communications

Intern., Inc., 387 N.J. Super. 469, 479 (App. Div. 2006), citing Printing Mart v. Sharp Elec. Corp.,

supra, at 772. Under the applicable standards, it is beyond cavil that Defendant's motion must fail.

## b. R. 4:6-2(e) prohibits raising extraneous issues and evidence

During a motion to dismiss proceeding, a court's inquiry "is confined to a consideration of

the legal sufficiency of the alleged facts apparent on the face of the challenged claim" on a motion

made pursuant to R. 4:6-2(e). P. & J. Auto Body v. Miller, 72 N.J. Super. 207, 211 (App. Div. 1962).

The court may not consider anything other than whether the complaint states a cognizable cause of

action. Id. For the purposes of the present motion, "all facts alleged in the complaint and legitimate

inferences drawn therefrom are deemed admitted." Smith v. City of Newark, 136 N.J. Super. 107,

112 (App. Div. 1975). See also Heavner v. Uniroyal, Inc., 63 N.J. 130, 133 (1973); Polk v. Schwartz,

166 N.J. Super. 292, 299 (App. Div. 1979). In addition, a complaint should not be dismissed under

this rule if the facts suggest a cause of action and a theory of actionability may be articulated by way

---

subject of their motion, the attack, as bereft of merit as it may be, shall not be addressed in this response application.

2

of amendment. Muniz v. United Hsps. Med. Ctr. Pres. Hsp., 153 N.J. Super. 79, 82-83 (App. Div. 1977); Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987).

Furthermore, R. 4:6-2(e) requires that parties submitting materials outside the pleadings should ask the Court's permission to do so: "If, on a motion to dismiss [for failure to state a cause of action], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46." In addition, the rule also states that should this occur, "all parties shall be given reasonable opportunity to present all material pertinent to such a motion." R. 4:6-2. Defendant has never requested or been granted leave by the Court to present material outside the pleadings. Despite this, Defendants submitted certifications and material, such as BMW North America's handbook, in alleged support of its argument. Based on this violation of the Rules of Court, Defendants' motion should be denied. Should the Court be inclined to accept Defendant's evidentiary submissions outside the pleadings, we request that the Court also accept the Certification of Lindsay Pebody, dated March 9, 2011 ("Pebody Certification") which is enclosed herewith.

## II.    **Defendant's Partial Motion to Dismiss Is Premature**

Plaintiff's claims for breach of express contract, breach of implied contract, and a breach of the implied covenant of good faith and fair dealing were pled as sufficiently as possible in the original filing without the undertaking of extensive discovery. The claims allege a violation of specific written documents such as the employee manual and other employment documents, oral representations giving rise to an implied contract, and the implied covenant of good faith and fair dealing inherent in contracts.

3

The causes of action in Counts VI, V, and VI set forth much more than the mere suggestion of a breach of express contract, breach of the implied covenant of good faith and fair dealing, and breach of implied contract, respectively. However, as discovery has not yet occurred and Defendant has not yet turned over its discrimination policy, offer letters, correspondence, e-mails, signed documentation or any other employment documents that Plaintiff anticipates receiving in the course of discovery, Defendant's motion is premature, and should be denied.

Indeed, the only document that has thus been turned over is an <u>unsigned</u> employee handbook. <u>See</u> Ex. B to <u>Defendant's Brief in Support of its Partial Motion to Dismiss</u>. This handbook was not distributed to Pebody at the time of her assignment in China. <u>Pebody Certification</u>, ¶ 4-5. Thus, to the extent Defendant's argue that the Handbook reflects an at will employment status, its argument must fail as Plaintiff never signed the produced Handbook and never received the Handbook. <u>Id.</u> Instead, the more applicable agreements are the "Terms And Conditions For International Assignments" (hereinafter "T&Cs") and the yearly agreements required by Defendant, as well as other documents, oral assurances, and oral promises not yet uncovered. <u>See</u> Ex. B and C to <u>Pebody Certification</u>.

The T&Cs sets forth several provisions which are contractual in nature. First, in the case of an international assignment, the T&Cs state that "[BMW NA] will <u>guarantee</u> the associate continued employment upon completion of the assignment." Ex. B, at 5, <u>Pebody Certification</u> (emphasis added). Several parts of the T&Cs refer to the international assignments as "contracts," such as: " . . . the company may approve to terminate the assignment <u>contract</u> before the agreed date, allowing the associate to return at an earlier date" and Section 9 of the T&Cs in its entirety, titled "Termination of the Employment <u>Contract</u>." Ex. B, 9, 34, <u>Pebody Certification</u> (emphasis added). The most recent

4

international assignment for Pebody was dated August 20, 2009, extending her assignment in China

to September 30, 2010, and requesting her to "return a signed copy of this Agreement to us as

confirmation of [her] agreement." Ex. C, Pebody Certification (emphasis added). Previous

assignments and/or renewals contained similar contractual language. Id. It is obvious that Pebody

accepted these terms and conditions and remained on assignment in China. Defendant's assertion

that BMW NA's handbook circumvents these specific contractual terms, Pebody's acceptance, and

both parties' performance under the terms, in disingenuous.

In addition, Plaintiff was originally offered employment and relocation expenses in return for

agreeing to work to a date certain. If Plaintiff did not continue her position, she would have been

forced to pay back Defendant's relocation expenses. The offer letter states, in part:

> [i]n consideration of BMW NA extending to you certain benefits of
> its relocation policy for current exempt employees, you agree that
> should you terminate your employment with BMW NA prior to
> December 28, 1998, you will reimburse BMW NA for 75% of the
> total relocation expense incurred by us of your behalf. If you
> terminate your employment between December 28, 1998 and
> December 28, 1999, you will reimburse BMW NA for 50% of such
> expenses, and, finally, if you terminate between December 29, 1999
> and December 28, 2000, you will reimburse BMW NA for 25% of
> such expenses. Ex. A, at 1, Pebody Certification.

This offer letter, which contained no Woolley disclaimer, set the standard for Plaintiff's

employment. See Woolley v. Hoffmann-La Roche, Inc. 99 N.J. 284, 304 (1985), modified, 101 N.J.

10 (1985). The language contained in the offer letter created a renewing contract for Pebody with

BMW NA year after year, as demonstrated by the fact that Pebody continued to work for Defendant

in exchange and in consideration for the continued benefits of the relocation policy, as well as the

other benefits of employment. In addition, the T&Cs state that an employee on assignment will

5

maintain a "contractual relationship with the home company" or have that contract "supplemented [with] a secondment contract." Ex. B, at 5, Pebody Certification. Thus, Plaintiff's employment was clearly not an at-will basis as Defendant asserts.

Plaintiff submits that Defendant breached its express and implied contractual obligations in these documents, both those documents discovered and those uncovered by this proceeding, as originally set forth at ¶ 14-22 and 36-50 of Plaintiff's Complaint.

The breach of implied covenant of good faith claim flows from the breach of contract claim, which has been alleged properly as set forth above. See Complaint ¶ 14-22, 44. The duty to perform in good faith "exists in every contract, including those contracts that contain express and unambiguous provisions permitting either party to terminate the contract without cause." Sons of Thunder, Inc. v. Borden, Inc. 148 N.J. 396, 421 (1997). Moreover, the implied obligation of good faith exists even in at will employment arrangement when the arrangement is subject to some contractual terms. Pepe v. Rival Co. 85 F. Supp.2d 349, 390 (D.N.J. 1999). Bad faith does not have to be shown unless plaintiff loses the contract claims in summary judgment. Id. 390-91 (in order to survive summary judgment on an implied covenant of good faith and fair dealing claim, plaintiff must (1) withstand summary judgment on his contract claim, or (2) offer some evidence of bad faith in relation to a contractual term which governs his or her at-will employment). Since discovery has not yet occurred, Plaintiff submits that it is premature to decide to deprive her of full and complete discovery on this and other claims, as well as her day in court.

Furthermore, the documents appended to this response should not overshadow the fact no discovery has taken place. Plaintiff reiterates that Defendant's motion with regard to Plaintiff's contract claims is premature and should be denied. See generally, Wilson v. Amerada Hess Corp.,

6

168 N.J. 236 (2001); Wellington v. Estate of Wellington, 359 N.J. Super. 484, 496 (App. Div.),

certif. denied, 177 N.J. 493 (2003); Smith v. Estate of Kelly, 343 N.J. Super. 480, 502 (App. Div.

2001); Kaczorowska v. National Envelope Corp., 342 N.J. Super. 580, 591-592 (App. Div. 2000).

Should the Court require a more specific pleading of contractual provisions and damages, Plaintiff

respectfully requests leave to amend the Complaint.

## III.   **Constructive Discharge**

In response to Defendant's claim that Plaintiff has failed to sufficiently plead a claim for

constructive discharge, Plaintiff respectfully requests leave of the court to amend the complaint for

the purpose of adding a specific constructive discharge count. When the Complaint was drafted and

filed, Plaintiff was still employed at BMW.   Subsequently, Plaintiff's physician submitted

documentation supporting a Constructive Discharge theory. There is no prejudice to Defendants as

the parties have not engaged in discovery. Further, Plaintiff is well within the statute of limitation to

plead the claim. Thus, plaintiff respectfully seeks leave of this Court to file her proposed Amended

Complaint which is attached hereto. (Pebody Certification, Ex. "D").

7

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that that Defendant's Partial Motion

to Dismiss be denied in its entirety. In addition, Plaintiff respectfully requests leave to amend the

complaint for the purpose of adding a specific constructive discharge claim.

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501

By: TY HYDERALLY, ESQ.
*for the Firm*

Dated: March 10, 2011
T:\I Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\030711.BRF.OPP MTD.doc

8

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

|  |  |
|---|---|
| **LINDSAY PEBODY,** | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: BER-L-327-11 |
| **PLAINTIFF,** | |
| **VS.** | CIVIL ACTION |
| **BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,** | **CERTIFICATION OF LINDSAY PEBODY** |
| **DEFENDANTS.** | |

Plaintiff, Lindsay Pebody, hereby says the following:

1. I am the Plaintiff in this matter, and as such, am fully familiar with the facts and circumstances contained herein.

2. I joined BMW of North America, LLC (hereinafter "BMW NA") in 1997. At the time, I was living in South Africa with my husband, Mark Shuttleworth. As part of its original offer of employment, BMW NA offered to pay my relocation expenses in consideration for continuing my employment beyond a certain date (Offer letter annexed hereto as Ex. A).

3. To the best of my knowledge, information, and belief, at the time I joined the company, no one at BMW NA discussed the term "at-will" with me or told me that my position was to be at-will.

4. During the period of my employment with Defendant BMW NA, and during my international assignment in the United Kingdom and my international assignments in China, to the best of my knowledge, information, and belief, I was not provided with a copy of BMW NA's handbook. I later obtained a copy of the handbook at my request in 2010.

1

5. Furthermore, to the best of my knowledge, information, and belief, I did not sign a signature page for BMW NA's handbook.

6. However, during my international assignment in the United Kingdom and my international assignments in China for BMW NA, I was provided with a copy of the "Terms and Conditions for International Assignments" (annexed hereto as Ex. B).

7. During my international assignment in the United Kingdom and my international assignments in China for BMW NA, I signed for or was provided with agreements for the renewal and extension of my assignment. These agreements and/or renewals did not refer to me as an at-will employee (Agreements of December 21, 2006, October 1, 2007, and August 20, 2009, collectively annexed hereto as Ex. C).

8. The agreements or renewals covering the years of 2002 through 2006 are not within my possession at this time. Furthermore, those agreements are within the possession of Defendant.

9. In furtherance of my claims, my attorneys have prepared a proposed First Amended Complaint (annexed hereto as Ex. D, without exhibits).

2

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: *3/9/2011*

**By:** _____

**Linsday Pebody, Plaintiff**

T:\1 Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\030411.CERT.Pebody Linsday.doc

3

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| **PLAINTIFF,** | DOCKET NO.: BER-L-327-11 |
| | |
| **VS.** | CIVIL ACTION |
| | |
| **BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,** | **CERTIFICATE OF SERVICE** |
| | |
| **DEFENDANTS.** | |

The undersigned hereby certifies that on this date the undersigned caused the foregoing Plaintiff's Brief in Opposition to Defendant BMW of North America's Partial Motion to Dismiss Counts IV-VI of Plaintiff's Complaint, Certification of Lindsay Pebody with Exhibits A-D, and this Certificate of Service to be served as follows on the date indicated below:

The original and one (1) copy
VIA FEDEX OVERNIGHT DELIVERY
Attention: The Hon. Mark M. Russello
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

One (1) copy to the following
VIA FEDEX OVERNIGHT AND ELECTRONIC MAIL
Attention: Helen E. Tuttle, Esq.
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047

Luis Zuniga

DATED:  March 10, 2011

T:\Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\030911.COS.doc

# EXHIBIT E

# DrinkerBiddle&Reath
### L L P

Helen E. Tuttle
Partner
973-549-7263 Direct
973-360-9831 Fax
helen.tuttle@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

March 14, 2011

**VIA FEDERAL EXPRESS**
Deputy Clerk, Civil Division
Superior Court of New Jersey, Bergen County
Bergen County Justice Center
10 Main Street
Hackensack, New Jersey 07601

Re:     **Lindsay Pebody v. BMW of North America, LLC, et al.**
        **Docket No.: BER-L-000327 11**

Dear Sir/Madam:

Our firm represents Defendant BMW of North America, LLC ("BMW NA") in the above matter.

Enclosed for filing please find an original and one copy of:

1) BMW NA's Letter Brief in further support of its Motion to Dismiss Counts IV-VI of Plaintiff's Complaint;

2) Certification of Joshua D. Rinschler; and

3) Certification of Service.

Please file the original and return a copy stamped filed to this office in the envelope provided. Please charge any applicable filing fees to this firm's account No. 93800.

Thank you for your time and attention in this matter.

Very truly yours,

Helen E. Tuttle

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

HET
cc:   Omar A. Lopez, Esq.

*Established 1849*

FP01/ 6479165.1

# DrinkerBiddle&Reath
### L L P

Helen E. Tuttle
Partner
973-549-7263 Direct
973-360-9831 Fax
helen.tuttle@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

March 14, 2011

**VIA FACSIMILE AND OVERNIGHT MAIL**

Honorable Mark M. Russello, J.S.C.
Bergen County Superior Court
10 Main Street
Hackensack, New Jersey 07601

Re:   **Pebody v. BMW of North America, LLC, et al.**
          **Docket No.: BER-L-327-11**

Dear Judge Russello:

    This firm represents Defendant BMW of North America, LLC ("BMW NA") in the above-captioned matter. Please accept this Reply Letter Brief in lieu of a more formal brief in further support of BMW NA's Partial Motion to Dismiss Counts IV-VI of Plaintiff Lindsay Pebody's ("Plaintiff") Complaint. BMW NA's motion is returnable March 18, 2011.

    Nothing contained in either Plaintiff's Opposition papers or her "new" Certification changes the fact that <u>no</u> contract, express or implied, ever existed between Plaintiff and BMW NA. Plaintiff only offers conclusory statements and fails to distinguish (or even address) the substantive caselaw BMW NA presented in its moving brief. Plaintiff's failure to overcome BMW NA's arguments in any meaningful way makes clear that there is no serious dispute – beyond claiming that the motion is premature – that Plaintiff's breach of contract claims are not adequately pled. Plaintiff urges the Court to deny the instant motion in the hopes that discovery will somehow save

*Edward A. Gramigna, Jr.
Partner responsible for
Florham Park Office*

*Established 1849*

DrinkerBiddle&Reath
L L P

Honorable Mark M. Russello, J.S.C.
Page 2

her claims and provide her the ammunition necessary to create claims that simply do not exist.    The Court should not deny the instant motion based on this conjecture. Additionally, Plaintiff's efforts to resuscitate her constructive discharge claim, through the proposed Amended Complaint, still falls short of the requisite pleading requirements. Accordingly, BMW NA respectfully requests that the Court grant its Motion to Dismiss Count IV, V, and VI Plaintiff's Complaint and Plaintiff's constructive discharge claim.

## Argument

### A.    Plaintiff's Self-Serving Certification is Procedurally Improper and Should be Disregarded

Plaintiff springs her own Certification in Opposition to BMW NA's Partial Motion to Dismiss.   Unless the Court converts this motion into a motion for summary judgment, the Court cannot consider material, such as Plaintiff's Certification, outside the pleadings.   See R. 4:6-2; see also D.C. v. Star-Ledger, No. L-4642-09, 2010 WL 4608242, at *1 (App. Div. Nov. 16, 2010) (holding that trial court properly granted motion to dismiss based solely on the pleadings and without regard to Plaintiff's certification, which was filed in opposition and which attempted to enhance assertions contained in complaint).   The Court should exclude that Certification and decide this

DrinkerBiddle&Reath

Honorable Mark M. Russello, J.S.C.
Page 3

matter solely on the Complaint and its incorporated-by-reference document – namely BMW NA's Employee Handbook ("Handbook").[1]

Further, courts have recognized that a motion to dismiss should be granted when the allegations set forth in a pleading are insufficient as a matter of law to state a viable cause of action. James v. Arms Technology, Inc., 359 N.J. Super. 291, 311 (App. Div. 2003). The types of claims which are the subject of the instant motion are no exception. See, e.g., Henderson v. Hertz Corp., No. L-6937-03, 2005 WL 4127090, at *3 (App. Div. June 22, 2006) (stating that trial court had properly granted a motion to dismiss a claim for breach of the covenant of good faith and fair dealing because it had correctly concluded "that this implied contract theory was unsupported by any of the factual allegations.").

### B.    Plaintiff's Has Failed to Plead a Breach of Express Contract Claim Because no Valid Contract Exists

Plaintiff's claim for Breach of Express Contract (Count IV) fails because Plaintiff has failed to plead, as she must, that "the parties entered into a valid contract." Murphy

---

[1] Contrary to Plaintiff's claims, BMW NA's production of its Employee Handbook was not in "violation of the Rules of Court" (Opp'n Br. at 3) but rather, a standard procedural mechanism available on a motion to dismiss. While the Court may not consider extrinsic evidence (i.e. evidence outside the pleadings) on a motion to dismiss, if a document is referred to in a Complaint, it is incorporated into the Complaint and, therefore, it is not extrinsic evidence. Pressler & Verniero, Current N.J. Court Rules, Comment 4.1.2 to R. 4:6-2 ("The motion to dismiss . . . is not however, converted into a summary judgment motion by filing with the court a document referred to in the pleading."); see also N.J. Sports v. Bostick Promotions, 405 N.J. Super. 173, 178 (Ch. Div. 2007) (considering documents referred to in the pleadings and granting a motion to dismiss for failure to state a claim). This baseless argument by Plaintiff should be rejected.

DrinkerBiddle&Reath
L L P

Honorable Mark M. Russello, J.S.C.
Page 4

v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). There is a simple explanation for this – no such contract exists. Although Plaintiff repeatedly argues that this motion is premature because no discovery has taken place, a motion to dismiss "may not be denied based on the possibility that discovery may establish the requisite claim; rather, the legal requisites for plaintiff's claim must be apparent from the complaint itself." Duffy v. Armstrong, No. C-31-06, 2010 WL 1433481, at *8 (App. Div. April 8, 2010) (quoting Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003)).

Because Plaintiff has failed to plead the existence of a valid, enforceable contract between her and BMW NA, she has failed to state a claim for breach of express contract and Count IV must be dismissed.

C.    **Plaintiff's Breach of Implied Contract Claim Fails**

Plaintiff's claim for Breach of Implied Contract is premised on unidentified sections of BMW NA's Handbook along with the various documents attached to her improper Certification. Incredibly, Plaintiff, in her sworn statement to this Court, states that she "was not provided with a copy of BMW NA's Handbook" and she "did not sign a signature page for BMW NA's Handbook." (Pebody Cert. at ¶¶4-5). However, BMW NA records show that Plaintiff not only received the Handbook, but also signed the acknowledgment form acknowledging her receipt of same. (See Certification of Joshua D. Rinschler, Exhibit A, submitted herewith). Thus, Plaintiff's attempt to hide behind her purported lack of knowledge or awareness of the Handbook is unavailing.

BMW NA's position remains unrebutted namely that Plaintiff cannot use the Handbook as the basis for a "Woolley" claim because the Handbook, which she received,

DrinkerBiddle&Reath
L L P

Honorable Mark M. Russello, J.S.C.
Page 5

does not contain any job security provisions or any provisions setting forth the basis for salaries or promotions. (See BMW NA's Moving Br. at 5-9). Moreover, the Handbook contains a clear and unambiguous "at-will" disclaimer which states the Handbook does not create any contractual obligations.

Even if the Court were to consider the documents improperly submitted as exhibits to Plaintiff's Certification, nothing in any of these documents can be fairly read as altering in any way the at-will nature of Plaintiff's employment with BMW NA or as imposing any contractual obligations on BMW NA. For example, Plaintiff's 1997 offer letter (Ex. A) simply does not guarantee employment; the Secondment and International Assignment letters (Ex. B) expressly state that BMW NA reserves the right to terminate the assignment early; and the Terms and Conditions for International Assignments policy is intended as "guidelines" to transfer employees – nothing more (Ex. C). Accordingly, even accepting all reasonable inferences favorable to Plaintiff, she has still failed to plead a breach of implied contract claim and the Court should, therefore, dismiss this claim (Count VI).

**D.      Plaintiff Cannot State a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing As No Contract Ever Existed Between Plaintiff and BMW NA**

As set forth above, no contract ever existed between Plaintiff and BMW NA. Under New Jersey law, there can be no claim for a breach of the covenant of good faith and fair dealing without a valid contract. Wade v. Kessler Inst., 343 N.J. Super. 338, 347 (App. Div. 2001), aff'd in part, modified in part, 127 N.J. 372 (2002). In her opposition papers, Plaintiff acknowledges that this claim may be brought in the employment context

DrinkerBiddle&Reath

Honorable Mark M. Russello, J.S.C.
Page 6

only when the employment relationship is "subject to contractual terms." (Opp'n Br. at 6). Here, Plaintiff is unable to identify any contract between herself and BMW NA. Therefore, this claim (Count V) too must be dismissed.

**E.    Plaintiff's Motion to Amend her Complaint**

Plaintiff requests leave of the Court to file an Amended Complaint. (Opp'n Br. at 7; Pebody Cert., Ex. D). Plaintiff's proposed Amended Complaint mirrors the original Complaint with the exception of paragraphs 22-24, which relates to Plaintiff's constructive discharge claim, and the addition of Count VII. Since the majority of Plaintiff's Amended Complaint remains unchanged, BMW NA's bases for seeking dismissal of Counts IV-VI of the Amended Complaint remains the same.

Although BMW NA does not oppose Plaintiff's motion to amend, BMW NA's motion to dismiss Plaintiff's constructive discharge claim (Count VII) is appropriate because Plaintiff, even with this amendment, has failed to plead a claim for constructive discharge. Nowhere in Plaintiff's Complaint has she alleged that she resigned from her employment with BMW NA (See Ex. D to Pebody Cert ¶¶ 20-26, 57-64) and, to date, Plaintiff has not resigned and remains listed as an employee in BMW NA's records. Therefore, unless and until Plaintiff formally resigns from BMW NA, Plaintiff's claim for constructive discharge cannot survive and is subject to dismissal.

DrinkerBiddle&Reath
LLP

Honorable Mark M. Russello, J.S.C.
Page 7

## **Conclusion**

For the foregoing reasons, and those set forth in BMW NA's moving papers,

BMW NA respectfully requests that the Court grant Plaintiff's Motion to Dismiss Counts

IV, V and VI of Plaintiff's Complaint and Plaintiff's constructive discharge claim.


Respectfully submitted,

Helen E. Tuttle

cc:    Clerk of the Court (w/ encls.) (via overnight mail)
       Omar A. Lopez, Esq.  (w/ encls.) (via email and overnight mail)

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

---------------------------------------------------------

|  |  |
|---|---|
| LINDSAY PEBODY,<br><br>   Plaintiff,<br><br>     v.<br><br>BMW OF NORTH AMERICA, LLC,<br>JOHN DOES 1-10 and XYZ CORP. 1-10,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:<br>BERGEN COUNTY<br><br>DOCKET NO. L-327-11<br><br>   CIVIL ACTION<br><br>**CERTIFICATION OF JOSHUA D.<br>RINSCHLER** |

---------------------------------------------------------

JOSHUA D. RINSCHLER hereby certifies as follows:

I am an attorney at law of the State of New Jersey, and an associate at the firm of Drinker Biddle & Reath LLP, attorneys for Defendant BMW of North America, LLC ("BMW NA"). I make this Certification on my own personal knowledge and in further support of BMW NA's Partial Motion to Dismiss Counts IV-VI of Plaintiff's Complaint.

1.  Attached hereto as **Exhibit A** is a true and accurate copy of an acknowledgement receipt of BMW NA's Employee Handbook, signed by Plaintiff Lindsay Pebody, dated March 10, 1998.


I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I may be subject to punishment.

Joshua D. Rinschler

Dated:  March 14, 2011

# EXHIBIT F

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendant
BMW of North America, LLC

**F I L E D**

**MAR 2 2 2011**

**MARK M. RUSSELLO, J.S.C.**

------------------------------------------------------------

LINDSAY PEBODY,

    Plaintiff,

     v.

BMW OF NORTH AMERICA, LLC,
JOHN DOES 1-10 and XYZ CORP. 1-10,

    Defendants.

------------------------------------------------------------

 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :
 :

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
BERGEN COUNTY

DOCKET NO. L-327-11

CIVIL ACTION

**ORDER GRANTING
DEFENDANT'S
PARTIAL MOTION TO DISMISS**

   THIS MATTER, having been brought before the Court by Drinker Biddle & Reath, LLP,

attorneys for Defendant BMW of North America, LLC ("BMW NA"), for an Order granting

BMW NA's Partial Motion to Dismiss Counts IV-VI of Plaintiff's Complaint, and the Court

having considered the moving papers and any opposition to this motion, and for good cause

shown;

   IT IS on this 22 day of *March*, 2011 hereby

   ORDERED that BMW NA's Partial Motion to Dismiss Counts IV-VI of Plaintiff's

Complaint be and hereby is granted.

   IT IS FURTHER ORDERED that Counts IV, V and VI of Plaintiff's Complaint be and

hereby are dismissed ~~with~~ without prejudice. ✳

FP01/ 6467915.1



IT IS FURTHER ORDERED that a copy of this Order is to be served on counsel for all

interested parties within seven (7) days.

_____

MARK M. RUSSELLO, J.S.C.

This motion was

_____ X _____ Opposed

_____ Unopposed

* Count IV of π's complaint alleging Breach of Express contract must be dismissed w/o prejudice because π has not plead that a valid contract existed between the parties.

Count V of π's complaint alleging Breach of the Implied Covenant of Good Faith & Fair Dealing must be dismissed w/o prejudice because π has not asserted that a valid contract (express or implied) existed between the parties.

Count VI of π's complaint alleging Breach of Implied Contract Claim must be dismissed because π has not adequately plead the existence of an implied contract. This dismissal is w/o prejudice as well. Counts IV, V & VI are vague & ambiguous.

In π's opposition, she requests leave of the Court to Amend. However, no cross motion was filed. In addition, any application to the Court for an order shall, & must be, by motion. See R 1:6-2 (A).

# EXHIBIT G

# H‖ HYDERALLY
# & ASSOCIATES P.C.

Ty Hyderally, Esq. [NJ,NYS,NYE]

Francine Foner, Esq. [NJ]
Jennifer Vorih, Esq. [NJ,CA]
Robert T. Szyba, Esq. [NJ,NY]
Peter D. Valenzano, Esq. [NJ]
PENDING ADMISSION TO THE NEW YORK BAR

Omar A. López, Esq. [NJ]
PENDING ADMISSION TO THE NEW YORK BAR

OF COUNSEL
Edward F. Westfield, Esq. [NY]

Writer's Ext. 201
tyh@employmentlit.com

### 33 PLYMOUTH STREET
### SUITE 202
### MONTCLAIR, NJ 07042
℗ (973) 509-8500
℗ (973) 509-8501

### REPLY TO MONTCLAIR

June 13, 2011

NEW YORK ADDRESS
274 MADISON AVENUE, SUITE 1601
NEW YORK, NY 10016-0701
℗ (212) 532-6625
℗ (212) 532-6627

MEMBER OF NEW JERSEY BAR [NJ]
MEMBER OF NEW YORK BAR [NY]
MEMBER OF CALIFORNIA BAR (INACTIVE) [CA]
MEMBER OF NEW YORK
SOUTHERN DISTRICT BAR [NYS]
MEMBER OF NEW YORK
EASTERN DISTRICT BAR [NYE]

**VIA REGULAR MAIL**
Clerk of the Court
Bergen County Superior Court
10 Main Street
Hackensack, NJ 07601

Re:    **Lindsay Pebody v. BMW of North America**
       **Docket No.: BER L 327-11**
       **Our File No.: 2724**

Dear Sir/Madam:

We represent plaintiff in the above captioned matter. Enclosed please find the following:

1. The original of Plaintiff's Notice of Motion for Leave to File a First Amended Complaint;
2. Plaintiff's Motion;
3. Proposed form of Order; and
4. Certification of Service.

One copy of the document(s) along with a self-addressed stamped envelope for your convenience is being provided in order to facilitate our request that you be so kind as to return to my attention a copy of *each of* the above document(s) stamped "Filed."

Respectfully submitted,
HYDERALLY & ASSOCIATES, P.C.

TY HYDERALLY, ESQ.
*for the Firm*

TH/ms
Encls.
cc: Helen Tuttle, Esq.
T:\1 Law Offices of Ty Hyderally\Pebody Lindsay\Correspondence\Clerk of Court.061311.doc

**Hyderally & Associates, P.C.**
33 Plymouth Street, Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**BMW OF NORTH AMERICA, LLC,<br>JOHN DOES 1-10, AND XYZ CORP. 1-<br>10,**<br><br>**DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER- L-327-11<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION FOR LEAVE TO<br>FILE A FIRST AMENDED COMPLAINT**<br><br>**Returnable: June 24, 2011** |

To:    Attention: Helen E. Tuttle, Esq.
       Drinker Biddle & Reath LLP
       500 Campus Drive
       Florham Park, New Jersey 07932-1047

PLEASE TAKE NOTICE that on Friday, June 24th, 2011, at 9:00 a.m., or as soon after as counsel may be heard, Hyderally & Associates, P.C. (Ty Hyderally, Esq., appearing), attorneys for Plaintiff, Lindsay Pebody, shall move before the appropriate Judge at the Superior Court of New Jersey, Law Division, Bergen County, for an Order granting leave to file Plaintiff's First Amended Complaint. There are presently no Court Dates scheduled in this matter.

PLEASE TAKE FURTHER NOTICE that in support of this motion, Hyderally & Associates, P.C. will rely upon the attached Plaintiff's Motion For Leave to File Plaintiff's First Amended Complaint and exhibits submitted herewith.

1

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith.

PLEASE TAKE FURTHER NOTICE that Movant, Hyderally & Associates, P.C., requests oral argument of this Motion, if opposed.

HYDERALLY & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

TY HYDERALLY, ESQ.
*for the Firm*

Dated: June 13, 2011

T:\1Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061311.NOM.doc

2

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| **PLAINTIFF,** | DOCKET NO.: BER- L-327-11 |
| **VS.** | CIVIL ACTION |
| **BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,** | **PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |
| **DEFENDANTS.** | **Returnable: June 24, 2011** |

Plaintiff, Lindsay Pebody ("Pebody" or "Plaintiff"), by and through her undersigned counsel, hereby moves the Court for leave to file Plaintiff's First Amended Complaint. In accordance with R. 4:9-1, a copy of the proposed First Amended Complaint accompanies this motion. ("Exhibit A").

This motion is timely and, because the proposed amendments add necessary claims and clarify existing claims, this motion should be granted in light of the liberality required by the rules and Supreme Court precedent. Leave to amend pleadings "shall be freely given in the interest of justice." R. 4:9-1. It is well established that amendments must be allowed absent some good reason justifying denial of leave to amend. Forman v. Davis, 371 U.S. 178, 182 (1962). Furthermore, motions for leave to amend pleadings are to be liberally granted and without consideration of the ultimate merits of the amendment. See Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500-01 (2006). Taking into account the addition of facts in the attached proposed amended complaint, and the addition of an allegation of a violation of the Equal Pay Act, it is

1

apparent that no reason exists for the denial of Plaintiff's motion for leave, in accordance with Forman.

R. 4:9-3 provides, in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.

The claims asserted in the First Amended Complaint arise out of the conduct, transaction, or occurrence set forth in Plaintiff's original Complaint. The doctrine of relation back control in this case, and thus, it is clear that the amendment relates back to the date of the original Complaint. Harr v. Allstate Insurance Co., 54 N.J. 287, 299-300 (1969).

In the instant case, as a preliminary matter, the First Amended Complaint removes from doubt whether or not a claim for constructive discharge is being made, as was first raised in Defendant's motion to dismiss. The First Amended Complaint also removes the three contract claims that were dismissed by the court, and serves to clarify and streamline the pleading to allow for more efficient use of judicial resources. This amendment thus narrows the issues at bar to solely the claims presently existing between the Plaintiff and Defendants.

Additionally, the parties are currently engaged in discovery. It has come to light, based on analysis of the materials that have either been produced or will likely be produced that the specific conduct already alleged in the complaint sets forth the factual predicate for a violation of the Equal Pay Act and a common law claim of constructive discharge. Thus, to make the Complaint more clear and accurate, Plaintiff seeks leave to amend the Complaint so as to specify these causes of action. See Ex. A, at Counts IV and V. There is no prejudice to Defendant as there is no additional discovery required due to the proposed amendment. Additionally, no

2

depositions have been conducted and the parties are still at an early stage in paper discovery. Thus, in the interest of justice, and in order to efficiently litigate the entirety of Pebody's claims against the Defendants, Plaintiff respectfully requests leave to amend the Complaint to include these new causes of action. Finally, the current matter has not been placed upon the Court's trial calendar.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Leave to File a First Amended Complaint should be granted.

Dated: June 13, 2011

<div style="margin-left:40%">

Respectfully submitted,
HYDERALLY & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*


By:  _____
TY HYDERALLY, Esq.
*for the Firm*

</div>

T:\1Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061011.MTAC.doc

# Exhibit "1"

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**BMW OF NORTH AMERICA, LLC,**<br>**JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER- L-327-11<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, Lindsay Pebody ("Pebody" or "Plaintiff"), who resides at 220 Canterbury Place, Ridgewood, NJ 07450, Bergen County, by way of this Complaint against the Defendants, BMW of North America, LLC, John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively "BMW" or the "Defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (Gender Discrimination/Harassment); (2) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (Retaliation); (3) intentional infliction of emotional distress; (4) a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) and (5) constructive discharge.

2. This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3. Venue is appropriate in this court since Plaintiff lives in Bergen County, New Jersey, Plaintiff performed services for Defendant in Bergen County, New Jersey during the relevant time period, some of the discriminatory acts complained of herein occurred in Bergen

County, New Jersey, and Defendant does business and has offices in Bergen County, New Jersey.

## II. Procedural History

4.  On January 10, 2011, Plaintiff filed a complaint in the within matter before the Superior Court of New Jersey, Civil Part, Bergen County Vicinage.

5.  On or about February 23, 2011, BMW filed an Answer.

6.  On or about the same date, BMW filed a partial motion to dismiss Counts IV to VI of Plaintiff's complaint, respectively, breach of express contract; breach of the implied covenant of good faith and fair dealing; and breach of implied contract.

7.  The Hon. Mark A. Russelo, J.S.C. heard the motion on the papers, having received opposition by Plaintiff to the motion, and granted BMW's motion, dismissing Counts IV to VI of the original complaint without prejudice as to each.

8.  Thus, Counts IV to VI of the original complaint have been removed in their entirety from this submission.

9.  Plaintiff files this first amended complaint in furtherance of her claims, adding Count IV, a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and Count V, constructive discharge.

## III. Parties

10. Pebody was the Head of Marketing Strategy & Planning and Head of E-Marketing and CRM at the grade of "Section Manager" for BMW and worked for the home office at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07677-7731.

11. Thus, Pebody was an employee of the defendant corporation who performed job related duties in the State of New Jersey as well as in other countries.

12. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiffs' workplace, and supervised plaintiffs and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants

2

ratified, embraced and added to his conduct. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual employees by name.

13. During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual entities by name.

14. Thus, all defendants are subject to suit under the statutes alleged above.

15. At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

## IV. Factual Allegations

16. Pebody began working for BMW in December 1997 as a Section Manager.

17. On December 16, 2009, Pebody sent an email to Joel Nash ("Nash"), Manager, Human Resources, and Elisabeth Opitz ("Opitz"), International Human Resources Manager, detailing issues with her salary that she had just become aware of.

18. Pebody and Nash then engaged in an email exchange whereby Pebody put Defendants on clear notice of her serious concerns pertaining to equities and her compensation. (Exhibit "1").

19. BMW's response was so unsatisfactory that Pebody engaged in her own investigation to determine the salaries of her comparators.

20. In January 2010, Pebody uncovered that Defendants engaged in a pattern and practice of gender discrimination.

21. Thus, in January 2010, Pebody became aware of gender discrimination at the workplace as well as gender related pay inequities.

22. Pebody retained counsel and made formal complaints pertaining to the gender discrimination and other illegal acts occurring at the work place.

23. Subsequently, Pebody was subjected to various acts of retaliation.

24.    Examples of a detailed factual predicate for Pebody's claims are set forth in correspondence from Pebody's lawyers that were sent to BMW and/or its counsel.

25.    These letters of March 3, 2010, May 13, 2010, and December 19, 2010 are attached hereto and incorporated thereby as part of this Complaint. (Composite Exhibit "2").

26.    The details set forth in these letters more than adequately set forth a factual predicate for the causes of action pled below.

27.    As a result of Defendants' actions, Pebody began treating with Dr. Sheryl Thailer, a psychologist.

28.    Defendants knowingly permitted such intolerable conditions of employment and/or engaged in a continuous pattern of gender discrimination and harassment that Plaintiff was forced to leave her employment.

29.    Dr. Thailer communicated to Defendant on January 20, 2011 that Pebody could not return to work at BMW NA, thereby effecting Pebody's constructive discharge and/or resignation from her employment.

30.    Defendants' acts thus resulted in Pebody's constructive discharge from BMW with an effective date of January 20, 2011.

31.    A follow up letter was sent by Dr. Thailer on March 1, 2011, confirming that Pebody cannot return to work at BMW NA due to the severe emotional distress Pebody suffered at work.

32.    As of the date of the constructive discharge, Pebody received $117,780 in compensation, a fully insured company vehicle, discounted lease rate on a second fully insured vehicle, a commuting allowance, annual bonus, medical insurance, dental insurance, vision insurance, life insurance, disability benefits, 401k benefits, pension benefits, etc. Further, plaintiff received benefits such as twenty (20) paid vacation days per year, five (5) paid floating holidays per year, ten (10) paid sick days per year, etc.

33.    These benefits of employment make up plaintiff's claim for damages.

## Count I
## (New Jersey Law Against Discrimination)
## (Gender Discrimination)

34.   Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

35.   The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.,* by discriminating against Plaintiff due to Plaintiff's gender, female.

36.   As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

37.   Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count II
## (New Jersey Law Against Discrimination)
## (Retaliation)

38.   Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

39.   The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.,* by retaliating against plaintiff for engaging in a protected activity, and/or making complaints of discrimination, harassment, and gender related pay inequities.

40.   As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have

to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

41.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count III
### (Intentional Infliction of Emotional Distress)

42.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

43.    The actions of the Defendants were undertaken in conscious disregard of moral, legal, and civil obligations and in wanton, reckless, and outrageous disregard for the rights, feelings, and sentiments of Plaintiff. Such conduct has been extreme and outrageous.

44.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

45.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count III
### (Equal Pay Act of 1963 29 U.S.C. § 206(d) ("EPA"))

46.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

47.    The Equal Pay Act of 1963, 29 U.S.C. § 206(d), et seq., ("EPA"), provides that (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions..."

48.    The foregoing facts and circumstances demonstrate that Defendants have violated the EPA

6

by paying Plaintiff wages at a rate less than the rate it paid to male employees for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

49. As a direct and proximate result of the actions of defendant, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

50. Furthermore, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count IV
## (Constructive Discharge)

51. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

52. The foregoing facts and circumstances demonstrate that Defendants have resulted in the constructive discharge of Plaintiff in that Defendants forced Plaintiff to terminate her employment by harassing and discriminating against Plaintiff based on her gender, retaliating against Plaintiff for complaining about such discrimination and harassment based on her gender, and failing to take prompt remedial action of the discrimination and harassment based on her gender.

53. The conduct of Defendants was undertaken in the absence of a sufficient basis in fact or law, was contrary to the standards, criteria and requirements thereof, and was arbitrary, capricious, unreasonable, discriminatory, unfair, harassing, improper, and illegal. During the course of Plaintiff's employment, Plaintiff was subject to a hostile work environment and harassment and discrimination based on Plaintiff's gender created by the Defendants as described herein notwithstanding Plaintiff's attempts to ameliorate this situation.

54. Defendants' behavior ultimately became intolerable and Plaintiff became aware that there was little prospect of abatement or redress as agents of Defendants merely took part in the

campaign to retaliate against Plaintiff for not submitting to the harassment and discrimination based on her gender and for complaining about the harassment and discrimination based on her gender.

55.    Subsequently, and as a result of the Defendants' campaign of harassment and discrimination based on Plaintiff's gender and continuous humiliation against her, Plaintiff was forced to terminate Plaintiff's position.

56.    As a direct and proximate result of the Defendants' conduct, Plaintiff has been constructively and wrongfully discharged and suffered substantial pecuniary and other damages thereby.

57.    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

58.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A.    Compensatory damages of not less than $5,000,000;

B.    Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C.    Damages for humiliation, mental and emotional distress;

D.    Statutory damages, if applicable;

E.    Punitive damages and or liquidated damages where permitted by law;

F.    Attorneys' fees and costs of suit;

G.    Lawful interest - including pre-judgment interest on lost wages;

H.    Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I.    Such other, further and different relief as the Court deems fitting, just and proper.


Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual allegations and claims contained herein, based upon information received from the Defendants, witnesses, experts, and others in the course of discovery in this matter.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of Plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:        June 13, 2011

                                        LAW OFFICES OF TY HYDERALLY, PC
                                        *Attorneys for Plaintiff*


By:        _____
                                        TY HYDERALLY, Esq.
                                        For the Firm

T:\1 Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061011.COM.First Amended.doc

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,** <br><br> **PLAINTIFF,** <br><br> **VS.** <br><br> **BMW OF NORTH AMERICA, LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,** <br><br> **DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: BERGEN COUNTY <br> DOCKET NO.: BER- L-327-11 <br><br> CIVIL ACTION <br><br> **ORDER** |

 

**THIS MATTER** having been presented to the Court by Hyderally & Associates, P.C., Attorneys for Plaintiff, and the Court having considered all documents filed and for good cause shown;

     **IT IS ON THIS** ____ **DAY OF** _____ **2011**:

     **ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint is **GRANTED**; and

     **IT IS FURTHER ORDERED** that a copy of this Order be served upon all counsel of record within ____ days of the date hereof.

_____
                                          J.S.C.

T:\1 Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061311.ORD.doc

**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

| | |
|---|---|
| **LINDSAY PEBODY,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**BMW OF NORTH AMERICA, LLC,**<br>**JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER- L-327-11<br><br>CIVIL ACTION<br><br>**CERTIFICATION OF SERVICE** |

On behalf of the plaintiff, Lindsay Pebody, I certify that a true copy of Plaintiff's Motion for Leave to File a First Amended Complaint, Plaintiff's Proposed First Amended Complaint, and Proposed Form of Order, and this Certification of Service and all related documents were sent via **regular mail** to counsel for Defendants:

**Helen E. Tuttle, Esq.**
**Drinker Biddle & Reath LLP**
**500 Campus Drive**
**Florham Park, New Jersey 07932-1047**

Additionally, I certify that the original and one (1) copy have been sent via **regular mail** to the Clerk's office, Bergen County, on the date noted below:

HYDERALLY & ASSOCIATES, P.C.
*Attorneys for Plaintiff*


By: Madelaine Sandoval


Dated: June 13, 2011

T:\1Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061311.COS.doc

# EXHIBIT H

**Hyderally & Associates, P.C.**
33 Plymouth Street, Suite 202
Montclair, New Jersey 07042
Telephone (973) 509-8500
Facsimile (973) 509-8501
Attorneys for Plaintiff: Lindsay Pebody

**FILED**

AUG 0 5 2011

Mark M. Russello
J.S.C.

| |
|---|
| **LINDSAY PEBODY,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**BMW OF NORTH AMERICA, LLC,**<br>**JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** |

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO.: BER- L-327-11

CIVIL ACTION

**ORDER**

    **THIS MATTER** having been presented to the Court by Hyderally & Associates, P.C.,

Attorneys for Plaintiff, and the Court having considered all documents filed and for good cause

shown;

    **IT IS ON THIS** _5_ **DAY OF** _August_ 2011:

    **ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint is

**GRANTED**; and

    **IT IS FURTHER ORDERED** that a copy of this Order be served upon all counsel of record

within _7_ days of the date hereof.

_____ J.S.C.

**MARK M. RUSSELLO, J.S.C.**

UNopposed  X

T:\1Law Offices of Ty Hyderally\Pebody Lindsay\Pleadings\061311.ORD.doc

OB3